ALDEN T. HALL AND ALICE A. HALL *v.* STANLEY
C. KENNEDY.

No. 1501.

RESERVED QUESTIONS FROM CIRCUIT COURT FIRST CIRCUIT.
HON. R. J. O'BRIEN, JUDGE.

ARGUED DECEMBER 5, 1923.                    DECIDED DECEMBER 5, 1923.

PETERS, C. J., PERRY AND LINDSAY, JJ.

DEATH BY WRONGFUL ACT—*action for.*

> Prior to the enactment of Act 245, S. L. 1923, no action might
> be maintained in this jurisdiction by parents for the death of
> their adult daughter caused by the negligence of another.

OPINION OF THE COURT BY LINDSAY, J.

This is an action for the recovery of damages for the
death of the daughter of plaintiffs alleged to have been
caused through the negligence of defendant.    In the com-
plaint it is alleged that the deceased, a teacher by occupa-
tion, was the sole support of plaintiffs; that she met her
death on December 23, 1922, by being struck by the auto-
mobile of defendant, and that by reason thereof plaintiffs
were deprived of their sole support and maintenance.

Defendant demurred to the complaint on the grounds
that (1) it does not set forth facts sufficient to consti-
tute a cause of action against the defendant, and (2) it
does not allege that the deceased daughter of plaintiffs
was a minor at the time of her death.    The circuit court
reserved for our consideration the question as to whether
or not the complaint should be dismissed on one or both
of these grounds.

The age of the deceased is not set forth in the com-
plaint but it is conceded that she was an adult at the
time of her death.    The sole question, therefore, is

whether, at the time of the death of their daughter, plaintiffs had a right of action against defendant.

At the time of the death of deceased, on December 23, 1922, the statutes of this Territory were silent as to the right of a person to recover damages for the death of a relative through the wrongful act of another. On May 2, 1923, the legislature enacted that:

"When the death of a person is caused by the wrongful act or neglect of another, any person who was wholly or partly dependent upon such decedent and who has no remedy for compensation under the provisions of Act 221 of the Session Laws of Hawaii, 1915, as amended, may maintain an action for damages against the person causing the death * * *. In every action under this section such damages may be given as under all the circumstances may be just." Act 245, S. L. 1923.

Under the provisions of section 5, R. L. 1915, no law shall have any retrospective operation, hence the act above quoted is inapplicable to the present case, and if, at the time of the death of deceased, there existed in plaintiffs a right of action, such right must be looked for outside of the statutory law of this jurisdiction.

An action to recover damages for the death of a relative was not known to the common law. In England no such action was maintainable until after the passage of what is commonly known as the Lord Campbell Act (9 and 10 Vict. c. 93, 1846). In 1892 the Hawaiian legislature enacted a statute which, with subsequent amendments, is now section 1, R. L. 1915, reading as follows:

"Sec. 1. Applies except when. The common law of England, as ascertained by English and American decisions, is declared to be the common law of the Territory of Hawaii in all cases, except as otherwise expressly provided by the Constitution or laws of the United States, or by the laws of the Territory of Hawaii, or fixed by Ha-

waiian judicial precedent, or established by Hawaiian usage."

The rule of the common law applicable to the question involved herein, not having been altered by the Constitution or laws of the United States or (until the enactment of Act 245, S. L. 1923) by the laws of this Territory, must therefore be our guide in the instant case unless it can be said that a contrary rule of law has been "fixed by Hawaiian judicial precedent, or established by Hawaiian usage."

No case in all respects similar to the present one has ever been presented for judicial determination in this jurisdiction. This court has held that a widow may maintain an action to recover damages for the wrongful act of a defendant resulting in the death of her husband, *Kake v. Horton,* 2 Haw. 209, and that a father may recover damages for the death of his minor son caused by the wrongful act of another, *Ferreira v. Hon. R. T. & L. Co.,* 16 Haw. 615, but an examination of these cases shows that the rule of the common law has not been departed from in this jurisdiction to the extent claimed by plaintiffs.

In the case of *Kake v. Horton, supra,* decided in 1860, this court held that, although, under the common law of England an action by a widow for damages for the death of her husband by wrongful act would not lie, the common law was not in force here as a whole, and allowed the action, the court basing its opinion chiefly on section 14 of the Civil Code of 1859 which read: "The judges have equitable as well as legal jurisdiction, and in all civil matters, where there is no express law, they are bound to proceed and decide according to equity, applying necessary remedies to evils that are not specifically contemplated by law, and conserving the cause of morals and good conscience. To decide equitably, an appeal is

to be made to natural law and reason, or to received usage, and resort may also be had to the laws and usages of other countries." This section was expressly repealed by Act 57, S. L. 1892. The court in the above case also intimated that under the rules of the civil law such an action would lie, but, as pointed out in the brief of defendant, the court was doubtless misinformed on this point for in Louisiana, where the civil law prevails, this has been denied. See *Hubgh* v. *N. O. R. R.*, 6 La. Ann. 495, 54 Am. Dec. 565.

In *Ferreira* v. *Hon. R. T. & L. Co., supra,* this court, on the authority of *Kake* v. *Horton* and several other Hawaiian cases, held that a father may maintain an action for damages for the death of his minor son caused by the wrongful act of another, the court saying at page 628, "It is true that in the cases cited the actions were by widows for the deaths of their husbands, but the reasoning upon which the decisions were based is equally applicable to actions by parents for the deaths of their children."

The cases of *Kake* v. *Horton* and *Ferreira* v. *Hon. R. T. & L. Co.* above cited are undoubtedly authority for the proposition that, as "fixed by Hawaiian judicial precedent" the common law rule denying a right of action to a widow for the wrongful death of her husband or a right of action to a father for the wrongful death of his minor son, has been abrogated in this jurisdiction. But, in conceding that the cases cited go to such lengths, it does not follow that, in the case of the death of an adult, a person dependent upon the deceased, even if such dependent be the father or mother of deceased, has, in the absence of statute, a right of action against the person causing the death of deceased. In *Kake* v. *Horton* the court, owing to the statute then in vogue, doubtless was authorized in allowing the widow to maintain

her action for, in addition to the power vested in the court by that broad statute, a husband is bound by law to support his wife, and the legal right of the wife for such support was infringed by the wrongful act of the defendant. The same may be said of the *Ferreira* case for, since by law a father is entitled to the earnings of his son during the son's minority, a right of action may be maintained by the father against one who, by causing the son's death, deprives the father of that legal right. Where, however, no legal right is infringed, no right of action may be maintained. Upon reaching majority a child is under no legal duty of supporting his parent and the parent has no legal claim upon the earnings of his child after majority. In the instant case it is asserted that the deceased was the sole support of plaintiffs, but no legal duty or obligation was on deceased to support plaintiffs. "The obligation resulting from a tort can only be the ground of an action, when the obligation is recognized and ratified by the law: for by far the greater portion of the wrongs to which we are exposed in our artificial condition of society the law does not afford any redress. The redress is of necessity confined to legal rights, for which the law has provided an action or inflicts a punishment. 3 Black. Com. 23, 117. Pothier on Obligations, No. 1 and 197." *Hubgh* v. *N. O. R. R., supra.* This was recognized in the *Ferreira* case where this court held that the measure of damages in such a case is the pecuniary value of the child's services during his minority, and the costs and expenses incurred by the parent on account of the injury, less the usual and reasonable expense of caring for and rearing the child. In that case the court limited the period during which the plaintiff might recover to the son's minority and, in effect, said that the parent was entitled to no part of the son's earnings after his minority.

That no such action as the present one was maintainable in this Territory was evidently in the mind of the legislature when in May of the present year Act 245, S. L. 1923, was enacted.

For the foregoing reasons it is apparent that the complaint herein does not set forth facts sufficient to constitute a cause of action and reserved question number 1 is answered in the affirmative, which answer disposes of the necessity for our answering reserved question number 2.

*A. M. Cristy* (*Brown, Cristy & Davis* on the brief) for plaintiffs.

*A. G. M. Robertson* (*Robertson & Castle* on the briefs) for defendant.

