GLOBE INDEMNITY COMPANY *v.* MASARU ARAKI.

No. 2034.

Argued September 29, 1931.   Decided October 21, 1931.

Perry, C. J., Banks and Parsons, JJ.

OPINION OF THE COURT BY BANKS, J.
(Parsons, J., dissenting.)

Plaintiff brought an action against the defendant for damages alleged to have been caused by the negligence of the defendant in operating an automobile truck, which negligence resulted in the death of Riikichi Yamada. The allegations of the complaint that are material to the present inquiry are in substance that Yamada was an employee of one Yoshida whom the plaintiff had insured against liability under the Workmen's Compensation Law of Hawaii and that upon the death of Yamada a claim was filed with the industrial accident board by his widow, Kaoru Yamada, and an award duly made by the board against Yoshida in favor of the widow, for which award

the plaintiff is, under the terms of its contract of insurance, liable; that under the provisions of the Workmen's Compensation Law the plaintiff is subrogated to the rights of the widow against the defendant arising out of the death of her husband. The defendent demurred to the complaint on several grounds, one of which is that the complaint fails to state a cause of action against this defendant.

The circuit judge before whom the case was pending reserved the following question to this court: "Should the demurrer be sustained?" Inasmuch as the general demurrer to which we have referred is sufficient to present the only question we deem it necessary to decide the other grounds need not be referred to.

The plaintiff contends that under section 2681, R. L. 1925 (commonly known as the death statute), Kaoru Yamada, being the widow of Riikichi Yamada, had a right of action against Masaru Araki, the defendant, arising out of the wrongful death of her husband and that under section 5 of the Workmen's Compensation Law (R. L. 1925, Sec. 3608) it is subrogated to the widow's rights under the death statute. Section 2681, as it existed at the time of Riikichi Yamada's death and prior to its amendment in 1931, was as follows: "When the death of a person is caused by the wrongful act or neglect of another, any person who was wholly or partly dependent upon such decedent and who has no remedy for compensation under the provisions of chapter 209, may maintain an action for damages against the person causing the death, or if such person so liable was then employed by another person who is responsible for his conduct, then also against such employer. In every action under this section such damages may be given as under all the circumstances may be just. Such action must be commenced within one year after the injury which caused

the death." Section 5 of the Workmen's Compensation Law (Sec. 3608) is as follows: "When any injury for which compensation is payable under this chapter shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the *injured employee* may, at his option, either claim compensation under this chapter or obtain damages from or proceed at law against that other person to recover damages; and if compensation is claimed and awarded under this chapter any employer having paid the compensation or having become liable therefor shall be subrogated to the rights of the *injured employee* to recover against that person, provided, if the employer shall recover from that other person damages in excess of the compensation already paid or awarded to be paid under this chapter, then any such excess shall be paid to the *injured employee, or other person entitled thereto,* less the employer's expenses and costs of action. The amount of compensation paid by the employer, or the amount of compensation to which the injured employee or his dependents is entitled, shall not be admissible in evidence in any action brought to recover damages." (For the purpose of emphasis we have italicized portions of the sections.) This latter section is a part of the Workmen's Compensation Law as it was enacted in 1915. It has remained, with one exception, in its present form ever since. In 1923 it was amended by adding the last sentence which relates solely to a matter of evidence.

Ever since the case of *Kake* v. *Horton,* 2 Haw. 209, which was decided in 1860 and long before the death statute was enacted, it has been the settled law in this jurisdiction that a widow is, in a legal sense, a dependent of her husband and may maintain an action for his wrongful death. There is no controversy about this in

the case at bar. She could therefore sue for the wrongful death of her husband unless she belonged, under the death statute as it was originally enacted, to that class of dependents from which the right to sue was excluded. That the widow in the instant case does belong to that class seems obvious. The death statute as it stood when the present action was brought limited the right to sue for the wrongful death of a person to any dependent who did not have a remedy under the provisions of chapter 209, R. L. 1925, which is the Workmen's Compensation Law. The widow in the instant case did have such a remedy and successfully pursued it. Her remedy therefore, by reason of the death statute, was limited to compensation under the Workmen's Compensation Law, hence there was nothing to which the plaintiff in the instant case could be subrogated.

The plaintiff attempts to distinguish between what it terms a common-law right of action which was recognized in a widow in *Kake* v. *Horton, supra,* before the enactment of the death statute in 1923, and the statutory right of action that was given by the statute. Upon this supposed distinction the argument is made that the widow's status as a dependent, being fixed by the common law, existed independently of the death statute and consequently her remedy was not affected by the limiting clause in that statute. The trouble with this argument is that the distinction attempted to be drawn by the plaintiff is not expressed either actually or inferentially in the death statute. The limitation upon the right to sue includes *all dependents* who have a remedy under the Workmen's Compensation Law. If it had been the intention of the legislature to confine the limitation which it thus placed upon this right to those dependents who were not such under the common law it would certainly have given some intimation of its purpose. There

being no such intimation we are powerless to inject into the statute the qualification claimed by the plaintiff. In order to sustain the plaintiff's contention the death statute would have to be reconstructed to read as follows: "When the death of a person is caused by the wrongful act or neglect of another, any person who is wholly or partly dependent upon such decedent may maintain an action for damages against the person causing his death, provided, however, that no dependent, *except one who has a right of action under the common law,* shall maintain the action herein provided for if he has a remedy for compensation under the provisions of chapter 209." To make this change in the statute would be purely judicial legislation.

It cannot be said that the construction we have placed upon section 2681 leaves no field for the operation of the subrogation clause of section 5 of the Workmen's Compensation Law and therefore nullifies that clause. Under section 5 if an employee receives injuries which do not result in death and has a remedy under the Workmen's Compensation Law against his employer and also has a remedy against a third person whose negligence caused the injuries and chooses to pursue his remedy against the employer and compensation is awarded him, there is no doubt that under this section the employer would be subrogated to the rights of the employee against the person causing the injury. There is of course nothing in the death statute which would prevent subrogation under these circumstances.

The legislature of 1931 amended the death statute and omitted from it the provision in the former statute regarding dependents who have a remedy for compensation under the Workmen's Compensation Law. So that all dependents, whether they have this remedy or not, may, under the present death statute, maintain the action there-

in provided for. This removes the obstacle, so far as the death statute is concerned, to the right of an employer to be subrogated to the rights of a dependent under the Workmen's Compensation Law. Whether section 3608 of this law gives this right of subrogation where the employee dies from the injuries he receives or whether the right is limited to injuries that do not result in death is another question, upon which we express no opinion.

The question reserved is answered in the affirmative.

*C. D. Pratt* (*Smith, Warren, Stanley & Vitousek* on the brief) for plaintiff.

*W. R. Ouderkirk* (also on the briefs) for defendant.

### DISSENTING OPINION OF PARSONS, J.

I respectfully dissent. Before the passage in 1923 of the death statute a widow had a right of action at common law for damages for the wrongful death of her husband. She also had an alternative remedy in the proper circumstances against her husband's employer under the Workmen's Compensation Act. If compensation were claimed and awarded her under the last named Act, the employer, having paid or having become liable to pay such compensation, became subrogated to the rights of the widow under the provision granting subrogation to the employer to the rights of the "injured employee" as that term is defined in the Act itself. "Any reference to a workman who has been injured shall, where the workman is dead, include a reference to his dependents as herein defined, if the context so requires * * * . 'Injury' or 'personal injury' includes death resulting from injury" within the time named in the statute. (R. L. 1925, § 3663.)

The widow's common-law right of action for the death of her husband above referred to has not been abrogated by the death statute of 1923, either expressly or by

implication. The statute does not purport to take away any rights theretofore existing. Its evident purpose was to grant a new right,—namely, a right of action for wrongful death to persons not theretofore entitled thereto. *Hall* v. *Kennedy*, 27 Haw. 626, furnishes us the clue to the intended beneficiaries. The plaintiff in *Hall* v. *Kennedy* in 1922 had no right of action in the premises, either at common law or, because of the inapplicability of the facts, under the Compensation Act. Now he is given the same right which a widow has always had. If he ·had had a remedy under the Compensation Act, however, the death statute would have conferred no rights upon him. *Haran* v. *Woolley, ante* p. 61. The death statute lets in a new class—with restrictions. The widow, however, derives no rights from the statute. On the contrary, the statute expressly excludes her in the instant case from the benefit of its provisions for the reason that she comes within an excepted class, namely, those having a "remedy for compensation under the provisions of chapter 209." She therefore was left to pursue her common-law remedy, or to claim compensation at her election. Not deriving her rights from the death statute, she is not limited by its provisions, which, in my opinion, ·apply only to its provisional beneficiaries, as above indicated.

"A statute inconsistent with the common law repeals the common law so far as it is inconsistent. 'If the legislature undertakes to provide for the regulation of human conduct in respect to a specific matter or thing already covered by the common law, and parts of which are omitted from the statute, such omission may be taken generally as evidence of the legislative intent to repeal or abrogate the same.' But an intention to change the· rule of the common law will not be·presumed from doubtful statutory provisions; the presumption is that no such

change is intended unless the statute is explicit and clear in that direction. The common law will be held no further abrogated than the clear import of the language used in the statute requires." 1 Lewis' Sutherland, Stat. Con. (2d Ed.) 572, § 294. "An existing common law remedy is not to be taken away by a statute unless by direct enactment or necessary implication. A statute which enlarges the remedy which the common law affords and extends it to cases for which there was no remedy at common law does not take away the common law remedy. * * * Where a statute prescribes a remedy for a matter that is actionable at common law, without excluding the common law remedy either expressly or by necessary implication, the statutory remedy is regarded as merely cumulative and either the common law or the statutory remedy may be pursued." 25 R. C. L. 1058, § 283.

What has been said above about the repeal of the common law applies with equal force to the repeal of an earlier statute. Section 3608, R. L. 1925, passed first in 1915, gives the right of election of remedies in a case like that at bar and it gives the right of subrogation under the circumstances above named. Are these provisions in any way modified by the death statute? "Subsequent legislation repeals previous inconsistent legislation whether it expressly declares such repeal or not. In the nature of things it would be so, not only on the theory of intention, but because contradictions cannot stand together. The intention to repeal, however, will not be presumed, nor the effect of repeal admitted, unless the inconsistency is unavoidable, and only to the extent of the repugnance. In *Winslow* v. *Morton* the court sums up the general principles touching implied repeals in the form of rules which it formulates as follows: (1) 'That the law does not favor a repeal of an older statute by a later one by mere implication.' (2) 'The implication,

in order to be operative, must be necessary, and if it arises out of repugnancy between the two acts, the later abrogates the older only to the extent that it is inconsistent and irreconcilable with it. A later and an older statute will, if it is possible and reasonable to do so, be always construed together, so as to give effect not only to the distinct parts or provisions of the latter, not inconsistent with the new law, but to give effect to the older law as a whole, subject only to restrictions or modifications of its meaning, when such seems to have been the legislative purpose. A law will not be deemed repealed because some of its provisions are repeated in a subsequent statute, except in so far as the latter plainly appears to have been intended by the legislature as a substitute.' " 1 Lewis' Sutherland, Stat. Con. 463-465, § 247.

There is another and a stronger reason for holding that section 2681, R. L. 1925, does not amend or repeal section 3608 in the particulars named, which is shown by the following facts: on the same day, to-wit: on the second day of May, 1923, there were approved Act 245 and Act 249, the former being our present section 2681 and the latter being an Act amending the Workmen's Compensation Act, and containing in its present form a reenactment of the foregoing clause relative to election and subrogation. "Where two acts are approved on the same day the presumption is that they were approved in numerical order; but the court will take judicial notice of the facts and ascertain the actual order of approval, and, if the two acts are inconsistent, the one last approved will prevail, though it may have been the first to pass the legislature." 1 Lewis' Sutherland, Stat. Con. 322, § 180. There being nothing to guide us but the aforesaid presumption that the Acts above referred to were approved in their numerical order, it cannot be said that Act 245

amended Act 249.

In the view hereinabove expressed the widow still has the election of a right of action against a third party for the wrongful death of her husband and having elected to accept compensation in lieu thereof, the employer or his insurance carrier, having paid or having become liable to pay compensation awarded upon her claim, is, under the provisions of the Workmen's Compensation Act, subrogated to the rights of the widow.

In my opinion the circuit judge's question should be answered in the negative.