JOHN ENOS, MARIA DA GLORIA ENOS, INDIVID-UALLY; ROSE ENOS, LYDIA ENOS AND MAR-GARET ENOS, MINORS, SUING BY MARIA DA GLORIA ENOS AS THEIR NEXT FRIEND, *v.* HONOLULU MOTOR COACH COMPANY, LIM-ITED, AN HAWAIIAN CORPORATION.

No. 2260.

ARGUED JUNE 5, 1936.          DECIDED AUGUST 13, 1936.

COKE, C. J., BANKS AND PETERS, JJ.

OPINION OF THE COURT BY PETERS, J.

Appellants, plaintiffs below, brought an action for damages under the provisions of section 4052, R. L. 1935. They are the parents and minor sisters of the deceased. The defendant was not the employer of the decedent at the time of the latter's death.

The statute gives a right of action to dependents for the death by a wrongful act of one upon whom they were wholly or partly dependent and permits the recovery of such damages as "under all the circumstances may be just."

The complaint in addition to alleging damages arising from the deprivation of continued support alleges damages arising from the loss of "care, attention and acts of kindness which the [deceased] owed to and lavished upon them * * * and upon the comfort and solace of his society and upon his counsel and advice." To the allegations of these additional elements of damage the defendant demurred upon the ground that the same were not recoverable under the statute. The demurrer was sustained and the plaintiffs prosecuted exceptions.

The rule generally applicable to torts is that a wrongdoer is liable to the person injured in compensatory damages for all the natural and direct or proximate consequences of his wrongful act or omission. Under statutes creating a new cause of action for death caused by the wrongful act or neglect of another the general rule is that damages must be limited strictly to the pecuniary loss to the beneficiaries caused by such death. Section 4052, R. L. 1935, carries its own rule of damages. It entitles the bene-

ficiaries named to just compensation for the financial loss which the evidence shows would probably be directly or proximately caused the beneficiaries under the statute by the death of the person upon whom they were dependent. Of a similar rule of damages the supreme court of the State of California said: "The manifest effect of this language is that in all cases to which the rule applies it is to be left to the jury to say, upon a consideration of the facts, what amount is a just compensation for the financial loss which the evidence shows will probably be directly or proximately caused by the death of the victim." *Bond* v. *United Railroads of San Francisco,* 113 Pac. (Cal.) 366, 369.

Moreover if the facts develop the existence during the lifetime of the deceased of "circumstances" for which he was responsible and which redounded to the pecuniary benefit of his dependents the direct and proximate result of the deprivation of which would cause them pecuniary loss such "circumstances" should be taken into consideration in determining what damages might be "just."

Where the observance of moral obligations which an adult son assumes toward dependent parents and dependent minor sisters includes acts and conduct which have a pecuniary value to such dependents such acts and conduct are "circumstances" which the court may take into consideration in assessing damages in an action brought by such dependents for the death of the son and brother by a wrongful act under the provisions of section 4052, R. L. 1935.

But the damages awarded must be compensatory and must be confined to compensation for the pecuniary loss suffered by the dependents. (*Kake* v. *Horton,* 2 Haw. 209; *Wada* v. *Associated Oil Co.,* 27 Haw. 671.)

This opinion assumes that the society, comfort, protection or service, the loss or deprivation of which is claimed

as additional damages, did not arise from any legal "duty" which the deceased owed the plaintiffs but from moral obligations voluntarily assumed by him.

The order sustaining the demurrer is reversed and the cause remanded to the trial court for further proceedings consistent with this opinion.

*M. K. Ashford* (*W. B. Lymer* with her on the briefs) for appellants.

*J. P. Russell* (*F. E. Thompson* on the brief) for appellee.

