ANTONE GABRIEL AND ANNIE GABRIEL
*v.* HARRY MARGAH.

NO. 2629.

ARGUED JULY 16, 1947.   DECIDED AUGUST 29, 1947.

KEMP, C. J., PETERS, J., AND CIRCUIT JUDGE CORBETT
IN PLACE OF LE BARON, J., ABSENT.

OPINION OF THE COURT BY PETERS, J.

This is an action by the parents of a legitimate minor female child for damages caused them by her death by the wrongful act of the defendant. Every consideration indicates that the cause of action asserted is that accorded parents by the common law of Hawaii for damages resulting from the death of their minor children by the wrongful act of another. A trial was had, jury waived. The court

found for the plaintiffs and awarded damages segregated in amount and based upon the following elements: (a) earning capacity during the remaining minority of the deceased, less cost of maintenance, (b) funeral expenses, and (c) loss of association, comfort and presence of the deceased.

The determinative issue of law presented for review is the legal effect of the enactment by the legislature in the year 1923 of the statute, since amended in 1931 and 1935[1] and, as amended, in existence at the time of the death of the plaintiffs' minor daughter (October 21, 1944), commonly known as the death statute, giving dependents a right of action for death caused by the wrongful act of another, the full text of which which is quoted in the margin,[2] appellant contending that under the opinion of

[1] L. 1931, c. 16, amended L. 1923, c. 245, by deleting from the body of the act the exclusion from its provisions of dependents who had a remedy for compensation under the provisions of the Workmen's Compensation Law, and attached to the section, as a proviso, a provision prohibiting actions by dependents against employers of the decedent where the dependent had a remedy for compensation under the provisions of the Workmen's Compensation Law. L. 1933, c. 139, amended L. 1923, c. 245, as amended by L. 1931, c. 16, by limiting dependents when more than one to but one action and to one recovery, to be apportioned among the dependents; requiring notice of pendency to all known dependents who have not joined in the action; and by enlarging the time limitation within which the action might be brought from one to two years. Otherwise, except for changes in grammatical construction, the law remains the same and is incorporated in the 1945 revision as § 10486.

[2] "Sec. 10486. Action by dependent, when. When the death of a person is caused by the wrongful act or neglect of another, any person who was wholly or partly dependent upon such decedent may maintain an action for damages against the person causing the death, or if such person so liable was then employed by another person who is responsible for his conduct, then also against such employer. Where there is more than one person wholly or partly dependent upon such decedent, any action that may be brought shall be brought by all of such dependents or by one or more of such dependents for the benefit of all the

this court in *Globe Indemnity Co.* v. *Araki*, 32 Haw. 153, the only cause of action for wrongful death in this jurisdiction at the present time is that given by the statute quoted, it, as contended, having abrogated any common-law remedy which might have theretofore existed, and that under the case of *Young* v. *Hon. C. & D. Co.*, 34 Haw. 426, recovery can be had only on a showing of dependency. If the contentions of appellant are sound, the legal result would be that in the absence of evidence of dependency there could be no recovery by a parent for damages as the result of the death of a legitimate minor child by the wrongful act of another. Appellant saves the additional points (a) that even if this court arrives at a contrary conclusion and holds that under the existing law in the absence of dependency there is available to plaintiffs an action on the case to recover consequential damages resulting to them by reason of the death of their minor child by the wrongful act of the defendant in error, they are not entitled to damages for "loss of association, comfort and presence" (the third element of damage considered by the trial court), the same being incapable of pecuniary valuation, and even if so, the proof is inadequate to establish such pecuniary loss, and (b) that there is no evidence of reasonableness of the amount awarded by the trial court as damages for funeral expenses.

---

dependents, but only one action may be brought and one recovery had. In every action under this section such damages may be given as under all the circumstances may be just and the trial court shall apportion the damages given among all the dependents. In the action the court shall cause notice to be given of the pendency thereof to all known dependents who have not joined therein. Such action must be commenced within two years after the injury which caused the death; provided, however, that nothing in this section shall be construed as authorizing any action to be maintained hereunder against the employer of such decedent in any case where any dependent of the decedent has a remedy for compensation under the provisions of chapter 77."

Appellant argues that section 10486 is a comprehensive statute covering all rights of action which may arise by the wrongful act of another resulting in death to an individual; that it was obviously intended to cover all possible cases and replace any previously existing rights of action and under the established rules of statutory construction it has superceded the common-law right of action adopted in *Kake* v. *C. S. Horton*, 2 Haw. 209, and followed in *Ferreira* v. *Honolulu R. T. & L. Co.*, 16 Haw. 615.

While common law, differently from statute law, does not rest for its authority upon any express or positive declaration of the will of the legislature, the question of whether a law establishing private rights and included in the common law has been impliedly repealed by a later statutory enactment is determined by the same principles of construction applicable to the implied repeal of statutes. Revised Laws of Hawaii 1945, section 25, provides that the repeal of the law is implied "when the new law contains provisions contrary to, or irreconcilable with, those of the former law." One statute, however, is not contrary to or irreconcilable with another statute unless they relate to the same subject and are enacted for the same purpose.[3]

The action for death by wrongful act accorded to parties to the relations of husband and wife, and parent and child, by the common law of Hawaii is not the same but a different cause of action from that accorded dependents under the provisions of section 10486, *supra*, and the purpose of the former is different from that of the latter.

At the outset it may be well to remove the confusion

---

[3] Oni v. John Meek, 2 Haw. 87, 95; In re Fukunaga, 16 Haw. 306, 308; Weinzheimer v. Lufkin, 22 Haw. 183, 186; Ter. v. Wills, 26 Haw. 469; Wong Sar v. Uehara, 30 Haw. 658, 663; 1 Lewis' Sutherland Statutory Construction (2d ed.) § 246, p. 468.

engendered by the misapplication of the term "common-law remedy" employed by appellant in connection with his contention that the provisions of section 10486 abrogated the theretofore existing common-law remedy for death by a wrongful act. We assume that by the term "common-law" he refers to the common law of Hawaii and by the use of the adjective form qualifying the word "remedy" he has reference to a remedy adopted as a part of the common law of Hawaii. But a remedy should not be confused with a cause of action to which the remedy is applicable. It is the cause of action that gives rise to the remedial right and the remedy is but the means of the enforcement of the cause of action. As said by Professor Pomeroy: "* * * it is very plain, that, using the words according to their natural import and according to their technical legal import, the 'cause of action' is what gives rise to the remedial right * * *."[4] In the case of *Kake* v. *C. S. Horton*, 2 Haw. 209, this court did not adopt a remedy. It adopted a cause of action.[5] The remedy of trespass on the case was employed by the plaintiff in the *Kake* case as the remedy appropriate to her cause of action. The remedy of trespass on the case is appropriate to the enforcement of the cause of action by dependents created by the provisions of section 10486. No more so did section 10486 create a statutory remedy. So the precise question with which this court is confronted is whether by the provisions of section 10486 the cause of action adopted as a part of the common law of Hawaii in the case of *Kake* v. *C. S. Horton* and applied in *Ferreira* v. *Honolulu R. T. & L. Co.* to an action by a father for damages resulting from the

---

[4] Pomeroy, Remedies and Remedial Rights § 519, p. 555. See also *id.* § 452, p. 487; Dennison v. Payne, 293 Fed. 333, 343.

[5] Wada v. Associated Oil Co., 27 Haw. 671; Hall v. Kennedy, 27 Haw. 626.

death of a minor child by the wrongful act of another has been impliedly abrogated by the provisions of the Revised Laws of Hawaii 1945, section 10486. An analysis of contemporary statutory definitions of the relation of husband and wife and parent and child in existence at the time of the decision of this court in the *Kake* case and as since amended leads to the inevitable conclusion they did not.

In 1860, and at the time of the rendition of the decision. of this court in the *Kake* case, the legal incidents of the relation of husband and wife were fixed by statute. Civil Code 1859, section 1286, among other things, imposed the duty upon the husband to maintain, provide for and support his wife during marriage, in the same style and manner in which he supported and maintained himself. From the marital relation and from this statutory duty flowed reciprocal duties on the part of the wife to the husband. Similarly, the legal relation of parent and child. By Civil Code 1859, section 1288, the children of a valid marriage were denominated legitimate and the husband of the marriage was made liable for their suitable and proper support in all respects until they severally attained the age of majority. He was also entitled to control and manage his children in all respects during their minority and require reasonable service at their hands. From the legal relation of parent and child and the provisions of Civil Code 1859, section 1288, additional reciprocal duties accrued to parents from their minor children.

In the *Kake* case, consonant with the legal incidents of the relation of husband and wife and the provisions of section 1286, *supra*, the pecuniary loss suffered by a wife for the death of her husband by a wrongful act was measured by loss of support and her deprivation of the society, fellowship and comfort of her husband. Anguish of mind, which the plaintiff might have suffered, usually referred

to as *"solatium,"* was excluded as an element of damage. In the *Ferreira* case, which was an action by a father for the death of his minor child by a wrongful act, this court recognized the application to the facts of the cause of action adopted in the *Kake* case, and consonant with the legal incidents of the relation of parent and child, and the provisions of Civil Laws 1897, section 1874 (formerly Civil Code, section 1288), the damages sustained by the father for the death of his minor child by a wrongful act were measured by the pecuniary loss suffered by him by the deprivation of the child's services including not only what the child might earn during the remainder of his minority but also the value of his services in the family, including acts of kindness and attention, and the cost and expense incurred by the parent on account of the injury, less the usual and reasonable expense of caring for the child. *Solatium* similarly was excluded as an element of damage. Hence it may be said that the cause of the action adopted in the *Kake* case and applied in that case to the relation of husband and wife, and in the *Ferreira* case to the relation of parent and minor child, is based upon the statutory legal incidents of the relation pre-existing between the plaintiff and the deceased and the reciprocal legal rights and duties of the parties attached to such relation.

The reciprocal rights and duties attached to the respective relations of husband and wife[6] and of parent and minor child,[7] heretofore discussed herein, have, since the decision in the *Kake* case, remained substantially the same

[6] Civ. Code 1859, § 1286, rep. L. 1888, c. 11, § 12; L. 1888, c. 11, pt. of § 7; R. L. H. 1925, pt. of § 3000; am. L. 1933, c. 68, § 1; R. L. H. 1935, § 4651; R. L. H. 1945, § 12372.

[7] Civ. Code 1859, § 1288; R. L. H. § 2286; R. L. H. 1915, § 2993; R. L. H. 1925, § 3033; R. L. H. 1935, § 4511; R. L. H. 1945, § 12262. See also L. 1864, p. 47; R. L. H. 1925, § 3045; am. L. 1931, c. 77, § 3; R. L. H. 1935, § 4513; R. L. H. 1945, § 12264.

and unless impliedly repealed thereby were in full force and effect in 1923 when the death statute of that year was enacted, except that at the time of the death of plaintiffs' minor child the rights and duties of the parents were joint.

On the other hand, the cause of action created by section 10486 does not depend for its existence upon any legal relationship existing between the plaintiffs and the deceased, nor upon any statutory reciprocal rights or duties flowing from such relationship. The beneficiaries are dependents. Dependency is the sole criterion and the measure of damages as fixed by the statute creating the cause of action is "such as under the circumstances may be just." The elements of damage applicable to an action by a dependent under section 10486 vary according to circumstances but are limited to just compensation for the financial loss which the evidence shows would probably be directly or approximately caused the beneficiaries under the statute by the death of the person upon whom they were dependent.[8] While in both cases death by a wrongful act and the laws of the jurisdiction where the death occurred give rise to a cause of action to those damaged thereby, the causes of action are different accordingly as on the one hand the plaintiff and the deceased were parties to the relation of husband and wife or parent and minor child or, on the other hand, accordingly as the plaintiff, irrespective of relationship, depended upon the deceased for support in whole or in part.

The distinction we make between the two causes of action finds recognition in the following language:

"The rule for the measurement of damages must differ according to the relation between the parties plaintiff and the decedent, 'according as the action is brought for

---

[8] Enos v. Motor Coach Co., 34 Haw. 5; Young v. Hon. C. & D. Co., 34 Haw. 426.

the benefit of the husband, wife, minor child or parent of minor child, for the loss of services or support to which the beneficiary was legally entitled, or is brought for the benefit of a person whose damages consist only in the loss of a prospective benefit to which he was not legally entitled.' Tiffany, Death by Wrongful Act, §§ 158, 160, 161, 162."[9]

The creation of the new cause of action for the benefit of dependents had for its purpose the extension of the common-law right to a class suffering pecuniary loss resulting from the deprivation of continued support, recovery for which was denied it under the common-law right of action, as instanced by denial to a father of the right to recover for the pecuniary loss suffered by the death of an adult son upon whom he was dependent for support.[10] The intention of the legislature to enlarge and not abrogate the right of action for death by wrongful act is apparent from the report of the judiciary committee of the senate of the 1923 legislature, upon House Bill 395 which, as passed, became chapter 245 of that session. We quote: "This Bill enlarges the right of suit and recovery for death by wrongful act. * * * It enlarges the common law recovery which we believe to be too limited."[11]

The possession of independent means of support does not deprive a wife or minor child of their statutory rights of support. In neither instance, if so circumstanced, are they dependents, but if the death statute were exclusive neither would have a right of action as dependents. Similar instances are conceivable. The common-law right of action accorded parties to the relation of husband and wife and parent and child are fundamental and substan-

---

9 Mich. Cent. R. R. v. Vreeland, 227 U. S. 59, 72.

10 Hall v. Kennedy, 27 Haw. 626.

11 Sen. J. Haw. 12 Legis. Reg. Sess. 1923, p. 977.

tial and are not to be overturned except by clear and unambiguous language. "A statute will not be construed as taking away a common-law right existing at the date of its enactment unless that result is imperatively required."[12]

The two causes of action are reconcilable and may operate separately in perfect harmony and without conflict in their respective spheres. It is conceivable that two causes of action might arise from the same facts; one the enforcement of the common-law remedy and the other the enforcement of the cause of action created by the death statute, as instanced by a crippled father's loss of service of a minor child and the additional amount necessary for his support theretofore provided by a minor child of independent means. This situation would not present a conflict but, on the contrary, would instance the beneficent effect of the additional remedy.

It is true that in the case of *Globe Indemnity Co.* v. *Araki*, 32 Haw. 153, it was decided by a divided court by way of *obiter dictum* that the death statute abrogated the common-law remedy for death by a wrongful act but we do not consider the decision in that case to have any binding effect and refuse to adopt the reasoning there advanced for the conclusion reached.

Appellant contends that the plaintiffs below failed to adduce any evidence of the pecuniary value of loss of association, comfort and presence of the deceased and that an award, the aggregate of which includes an amount based upon such loss, constitutes error.

We assume that in awarding damages for loss of "association, comfort and presence of the deceased" the trial court had reference to elements of damage other and in addition to "acts of kindness and attention," elements of damage considered in the *Ferreira* case in connection with

---

[12] Texas & Pac. Ry. v. Abilene Cotton Oil Co., 204 U. S. 427.

the value of the services of the minor in the family. At least we shall so consider them.

We do not understand that the measure of damages enunciated in the *Ferreira* case nor the elements of damage considered are exclusive. The occasion for the enunciation of the rule and the consideration of the elements of damage involved arose from an assignment of error to the verdict as excessive and the opinion of the court was necessarily limited to the question, subject to review, within the instructions on damages given to the jury.

The cause of action adopted in the *Kake* case, when applied to an action by a parent for the death of a minor child by the wrongful act of another, admits of the consideration of not alone the elements of damage approved in the *Ferreira* case but other and additional elements legally incidental to the relationship of parent and child, the deprivation of which is the direct and proximate result of the death of the child. At this juncture, therefore, is posed the question whether in the absence of evidence showing their pecuniary value damages may be awarded for loss of association, comfort and presence of the deceased.

Whatever may be the juridicial conclusions in other jurisdictions of the right to recover damages for the deprivation of those incidents of the legal relations of the husband and wife or parent and child which are difficult of exact estimation and to which no standard of value is applicable, such as the deprivation of a wife of the society, comfort and fellowship of her husband, or the deprivation of parents of acts of kindness and attention, association, comfort and presence of their deceased minor child, we are confined to, and the solution of the question here involved is governed by, the measure of damages of the cause of action adopted in the *Kake* case and the necessary and

582

reasonable implications thereof. In the *Kake* case the measure of damages of the cause of action there adopted included not alone the plaintiff's loss of support but the deprivation of the society, comfort and fellowship of her husband. To none of these elements of damage were standards of pecuniary value applicable nor were they capable of exact estimation except as they might have been directly connected with and a part of the acts of service. The same principle was applied in the *Ferreira* case by the inclusion in the measure of damages of acts of kindness and attention in connection with the services of the minor child in the family. To acts of kindness and attention no standard of value is applicable nor are they capable of exact estimation except as they might accompany and be a part of service in the family. Hence it is that while in an action of this kind pecuniary damages are the limit of recovery, they include compensation for losses which are difficult of exact estimation and to which no standard of value may be applied and the damages for which are and necessarily must be left to the sound discretion of the trier of the facts.

No claim is made that the allowance for loss of association, comfort and presence of the deceased was excessive and the exceptions relating thereto are overruled.

Plaintiffs failed to show the reasonableness of the allowance of $200 for funeral expenses. The evidence is that the bill for the funeral of the deceased was $300 and the court allowed the sum of $200. Plaintiffs concede the absence of evidence sustaining the reasonableness of the allowance made but insist that the court, having reduced the amount claimed, in effect took judicial notice of what was reasonable and made the allowance accordingly. The same contention was made in the case of *Van Gieson* v. *Magoon*, 20 Haw. 146, and determined adversely to appellee.

The exception directed to the allowance of damages for funeral expenses is sustained.

Unless the sum of $200, allowed as damages for funeral expenses, shall be remitted by plaintiffs within five days a new trial is granted.

*A. K. Trask* (also on the brief) for plaintiffs.

*J. P. Russell* (*Anderson, Wrenn & Jenks* with him on the briefs) for defendant.