## EDLER v. MacALPINE-DOWNIE.

### No. 9803.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 14, 1949.

Decided Jan. 16, 1950.

Mr. Nicholas J. Chase, Washington, D. C., with whom Mr. Cyril S. Lawrence, Washington, D. C., appeared on the brief, for appellant.

Mr. Al. Philip Kane, Washington, D. C., with whom Mr. Charles V. Koons, Washington, D. C., appeared on the brief, for appellee.

Before EDGERTON, CLARK and WILBUR K. MILLER, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

This suit was filed in the United States District Court for the District of Columbia by James Edler, Jr., an infant, by his mother as next friend, against Nora MacAlpine-Downie alleging that the appellee wrongfully enticed the appellant's father from his home and induced him to desert the appellant and his mother. The appellant sought from her the sum of $50,000 as damages for being deprived of the family life to which he was naturally entitled.

After preliminary procedure, which is unimportant here, the District Court, on motion of the appellee, dismissed the complaint as failing to state a cause of action upon which relief could be granted. The infant appeals, acting through a guardian ad litem who was appointed by the court to supplant the next friend in the conduct of the litigation.

In McMillan v. Taylor, 1946, 81 U.S. App.D.C. 322, 160 F.2d 221, we held that an action such as this is not recognized in the law. Counsel for the appellant suggest the McMillan case was inadequately briefed in this court, and that we were not afforded adequate assistance in examining the legal question involved. They say we should have followed Daily v. Parker, 1945, 152 F.2d 174, 177, 162 A.L.R. 819, in which the United States Circuit Court of Appeals for the Seventh Circuit held " * * * that a child today has a right enforceable in a court of law, against one who has invaded and taken from said child the support and maintenance of its father, as well as damages for the destruction of other rights which arise out of the family relationship and which have been destroyed or defeated by a wrongdoing third party."

The appellant is mistaken in supposing McMillan v. Taylor was not expressive of our considered opinion. His able and exhaustive brief does not persuade us to follow the doctrine of Daily v. Parker. We therefore adhere to our ruling in the McMillan case and hold that, in the absence of legislation expressly authorizing it, an action of this sort cannot be maintained in the District of Columbia.

Affirmed.