Richard Meredith SCRUGGS, Carol Elizabeth Scruggs, Atlee Gail Scruggs, Meri-Jo Abrams and Louis Edmund Abrams, Plaintiffs,

v.

James MEREDITH, Defendant.

Civ. No. 1444.

United States District Court
D. Hawaii.

Oct. 19, 1955.

Arthur K. Trask, Honolulu, Hawaii, for plaintiffs.

Robertson, Castle & Anthony, Honolulu, Hawaii, of counsel, by Thomas M. Waddoups, Honolulu, Hawaii, for defendant.

McLAUGHLIN, Chief Judge.

This is an action brought by minor children for loss of support, maintenance, education, nurture, care, training, attention, acts of kindness, comfort, and solace proximately resulting from a direct personal injury to the mother caused by the negligent act of the defendant. The defendant moved to dismiss the complaint for failure to state a claim upon which relief can be granted. The precise question presented is whether a minor child has a cause of action for damages resulting from the impairment of rights arising out of the family relationship which have been destroyed or defeated by a wrongdoing third party.

■ Diversity jurisdiction sustains this cause, and Hawaiian law governs. Under Hawaiian law this is a case of first impression. However,

"* * * because such rights have not heretofore been recognized, is not a conclusive reason for denying them. They will be denied if it appears that the state court has spoken and denied them. If said rights have not been denied in the state court, we see no reason why the Federal Courts should be more prone to deny them or to grant them than a state court. If the state courts have not acted, we are free to take the course which sound judgment demands. In the absence of a state court ruling our duty is tolerably clear. It is to decide, not avoid, the question." Daily v. Parker, 7 Cir., 1945, 152 F.2d 174, 177.

The basic Hawaiian case recognizing a common law cause of action involving the family is Kake v. Horton, 1860, 2 Haw. 209. In that case, the Court held that a wife can maintain a cause of action to recover for consequential damages resulting to her by reason of the death of her husband caused by the wrongful act of the defendant. She was allowed to recover for loss of support and deprivation of the society, comfort, and fellowship of her husband. The Hawaii common law was further developed in the case of Ferreira v. Honolulu R. T. & L. Co., 1905, 16 Haw. 615. The law of the Kake case was extended and a father was allowed to recover for the death of a minor child. The Court said:

"It is true that in the cases cited the actions were by widows for the deaths of their husbands, but the reasoning upon which the decisions were based is equally applicable to actions by parents for the deaths of their children." 16 Haw. at page 628.

Acts of kindness and attention were sanctioned factors in calculating damages in this case. In Hall v. Kennedy, 1923, 27 Haw. 626, the Court refused to allow the parents to recover for the death of an adult child upon whom they were dependent. The Court reasoned:

"In Kake v. Horton, the court, owing to the statute then in vogue, doubtless was authorized in allowing the widow to maintain her action for, in addition to the power vested in the court by that broad statute, a husband is bound by law to support his wife, and the legal right of the wife for such support was infringed by the wrongful act of the defendant. The same may be said of the Ferreira case for, since by law a father is entitled to the earnings of his son during the son's minority, a right of action may be maintained by the father against one who, by causing the son's death, deprives the father of that legal right. Where, however, no legal right is infringed, no right of action may be maintained. Upon reaching majority a child is under no legal duty of supporting his parent and the parent has no legal claim upon the earnings of his child after majority. In the instant case it is asserted that the deceased was the sole support of plaintiffs, but no legal duty or obligation was on deceased to support

plaintiffs." 27 Haw. at pages 629, 630.

This case defined one of the bounds of the common law cause of action and precluded a plaintiff whose claim was based on the death of an adult child from recovering damages despite the factor of dependency. In Gabriel v. Margah, 1947, 37 Haw. 571, the Court, following Kake and Ferreira, awarded the parents damages for the loss of association, comfort, and presence of the deceased minor child.

"* * * the cause of action * * * is based upon the statutory legal incidents of the relation pre-existing between the plaintiff and the deceased and the reciprocal legal rights and duties of the parties attached to such relations." 37 Haw. at page 577.

In Wilscam v. United States, D.C.1948, 76 F.Supp. 581, this Court awarded damages to compensate for the parents' loss of association, comfort and presence of the deceased minor child on the authority of the Gabriel case.

The statutory law of Hawaii dealing with the family relationship begins in 1923 with the enactment of the wrongful death act, Act 245, S.L.1923. This act was intended to take care of the very situation presented in the Hall case, and recognized a cause of action based exclusively on dependency. The question of whether the wrongful death act repealed the common law cause of action was answered affirmatively in Globe Indemnity Co. v. Araki, 1931, 32 Haw. 153. However, this holding was discarded in the Gabriel case, in which the Court said:

"* * * it was decided by a divided court by way of obiter dictum that the death statute abrogated the common-law remedy for death by a wrongful act but we do not consider the decision in that case to have any binding effect and refuse to adopt the reasoning there advanced for the conclusion reached." 37 Haw. at page 580.

In Enos v. Honolulu Motor Coach Co., 1936, 34 Haw. 5, the parents and minor sisters of the deceased brought an action under the wrongful death act for damages arising from the loss of care, attention and acts of kindness, comfort, solace of his society, his counsel and advice. The trial court's order sustaining the demurrer was reversed and Hawaii's highest court held that "such acts and conduct are 'circumstances' which the court may take into consideration in assessing damages" in a wrongful death action. In Young v. Honolulu C. & D. Co., 1938, 34 Haw. 426, the father and minor brothers and sister brought suit for damages resulting from the wrongful death of an adult son and brother under the wrongful death act. The opinion recognized the difference between a statutory action and a common law action predicated upon pre-existing reciprocal rights and duties within the family unit. 34 Haw. at pages 451, 452. This case indeed adds strength to the Hall case for if it could have stood on the common law it would not have been reversed and remanded for further proof of statutory dependency. Taken as a unit, the Hall and Young cases limit in scope the common law action as to consequential damages for loss of care, nurture, and the like. The Hawaiian courts permit such suits only in instances where a recognized legal duty within the family relationship exists between the party bringing the action and the injured party. This excludes actions based upon the relationship of parent and adult child, adult brother-sister and minor brother-sister, or minor brother-sister and minor brother-sister.

In 1953, the legislature amended Chapter 221 of the Revised Laws of Hawaii by Act 206, an act to provide for the survival of tort actions for physical injury or death, where the wrongdoer or other person liable dies. Section 10494 reads:

"All rights of action arising out of physical injury to the person and rights of action arising out of the death of a person by wrongful act in favor of his dependents or in favor of persons toward whom the

deceased occupied the relationship of husband, wife, parent or minor child, shall survive notwithstanding the death of the wrongdoer or any other person who may be liable for damages for such physical injury or death."

In January, 1955, in Ginoza v. Kosuke Takai Electric Co., 40 Haw. 691, where the wife and minor children sought damages under the wrongful death act for the death of the husband and father, the Court permitted the wife to recover for loss of support and well being and allowed the children to recover for the loss of support, maintenance, education, nurture, care and training. Later this year the Hawaiian legislature passed Act 205 effective May 27, 1955, which incorporates all of the protections previously accorded members of the family under the common law as well as the statutes, and, in addition, gave initial recognition to the survival of tort actions where the injured person dies. Furthermore, all the elements of damages recognized both in common law and statutory cases are now specifically spelled out. The pertinent parts of the act read:

"In any such action under this section, such damages may be given as under the circumstances shall be deemed fair and just compensation, with reference to the pecuniary injury and loss of love and affection, including (a) loss of society, companionship, comfort, consortium or protection, (b) loss of marital care, attention, advice or counsel, (c) loss of filial care or attention or (d) loss of parental care, training, guidance or education suffered as a result of the death of the person by the surviving spouse, children, father, mother, and by any person wholly or partly dependent upon the deceased person."

The foregoing review indicates very clearly that Hawaii intends to protect all legal interests of the family. The decided cases to date to be sure have all been wrongful death cases. However, the cause of action is not founded upon the degree or quantity of the loss. Rather is it premised upon an invasion of a right. So it is that both logic and the law agree that redress may be had for a temporary impairment as well as for the total destruction of a right incident to the family relationship.

This Court is aware of the practical difficulties adverted to in 83 Penn.Law Review 276–277. However, these difficulties have been more than amply and satisfactorily disposed of in 20 Cornell Law Quarterly 255–257. In other jurisdictions the courts are not in accord as to the existence of the cause of action in behalf of a wife or minor child for damages resulting from deprivation of rights arising from the family relationship. Cases recognizing the cause of action include: Daily v. Parker, supra, causing father to desert home; Russick v. Hicks, D.C.Mich.1949, 85 F.Supp. 281, causing mother to desert home; Hitaffer v. Argonne Co., Inc., 1950, 87 U.S.App.D.C. 57, 183 F.2d 811, 23 A.L.R.2d 1366, negligent injury to husband; Miller v. Monsen, 1949, 228 Minn. 400, 37 N.W.2d 543, enticing mother from home; Johnson v. Luhman, 1947, 330 Ill.App. 598, 71 N.E. 2d 810, alienation of affection of father. *Contra:* Morrow v. Yannantuono, 1934, 152 Misc. 134, 273 N.Y.S. 912, enticing mother away from home; Eschenbach v. Benjamin, 1935, 195 Minn. 378, 263 N.W. 154, negligent injury to husband-father; McMillan v. Taylor, 1946, 81 U.S.App.D. C. 322, 160 F.2d 221, enticing mother away from home; Taylor v. Keefe, 1947, 134 Conn. 156, 56 A.2d 768, alienation of mother's affection; Edler v. MacAlpine-Downie, 1950, 86 U.S.App.D.C. 97, 180 F. 2d 385, enticing father from home; Hill v. Sibley Memorial Hospital, D.C.1952, 108 F.Supp. 739, negligent injury to wife-mother. In the Hill case, Judge Youngdahl said:

"The common law should continually be reappraised and reinterpreted to meet changing circumstances. This Court confesses that

it has been difficult for it on the basis of natural justice to reach the conclusion that this type of an action will not lie. When a child loses the love and companionship of a parent, it is deprived of something that is indeed valuable and precious. Courts should ever be alert to widen the circle of justice to conform to the changing needs and conditions of society. At the same time a lower Court should be cautious in laying down a completely new rule in the light of prior holdings of our Court of Appeals indicating hesitancy to extend the right of recovery of damages for such loss to a child. If there is to be any change in that doctrine this Court does not feel that it should be the one to initiate it." 108 F.Supp. at page 741.

It is significant that Hitaffer, which recognized a cause of action in the wife, was decided later than Edler and Mc-Millan, on which Judge Youngdahl relied as indicating the trend in the District of Columbia.

In Hawaii, both by the common law and statute, loss of support, maintenance, education, nurture, care, training, attention, acts of kindness, comfort and solace are recognized factors in computing damage to the injured right incident to the family relationship. Indeed, the cases reveal that Hawaii has led the country in upholding the cause of action in this area and I see no reason why the trend in Hawaii should stop now.

I therefore hold that the complaint states a cause of action upon which relief can be granted, in accordance with my oral ruling rendered on September 19, 1955.

Motion denied.