**Stefany M. PLEASANT, Minor by and through Minnie L. Pleasant, mother and next friend, Appellant,**

v.

**WASHINGTON SAND & GRAVEL CO., Inc., Leonard Willis, William J. Cabbagestalk, Fred Ellis, and Henry Jordan, Appellees.**

**No. 14270.**

United States Court of Appeals District of Columbia Circuit.

Argued Sept. 17, 1958.

Decided Dec. 11, 1958.

472

Mr. John A. Shorter, Jr., Washington, D. C., with whom Mr. Roy M. Ellis, Washington, D. C., was on the brief, for appellant. Mr. Curtis P. Mitchell, Washington, D. C., also entered an appearance for appellant.

Mr. William E. Stewart, Jr., Washington, D. C., with whom Messrs. Julian H. Reis and Richard W. Galiher, Washington, D. C., were on the brief, for appellees.

Before PRETTYMAN, Chief Judge, and WILBUR K. MILLER and WASHINGTON, Circuit Judges.

WASHINGTON, Circuit Judge.

This is an appeal from an order of the District Court dismissing the appellant's complaint for failure to state a claim for which relief can be granted. The issue is whether, on the basis of a negligent injury to a parent by a third party, an infant has an enforceable claim against the third party for the loss of the parent's support, education, care, society, affection, and kindness, during the period of the parent's incapacity.

It appears that the injured party— mother of the infant plaintiff—has already brought suit for damages against the same defendants; that her husband is there joined as plaintiff; and that part of the recovery there asked relates to the mother's loss of earnings and the husband's loss of her services and consortium. On brief the appellant recognizes that any cause of action the child may have for loss of parental support and maintenance would be embraced or consolidated in the claims made by the parents in their suit. Accordingly, we confine our consideration to the other claimed losses, which appellant describes as "sentimental" in nature.

Appellant relies on our decision in Hitaffer v. Argonne Co.,[1] which held that a wife may recover for loss of consortium resulting from a negligent injury to her husband. Counsel argues that the claim of the child here is comparable to a claim for loss of consortium by a husband or wife and should be allowed on the authority of that case. But the decision in Hitaffer was based on a right arising out of the marriage relation. We pointed out that "the husband and the wife have equal rights in the marriage relation which will receive equal protection of the law."[2] These rights, we commented, existed even at common law, but the common law placed a disability upon the wife in evoking the law's protection. Only because the wife's incapacity "has been swept away by the modern legislation that has so generally relieved the wife of the ordinary disabilities of coverture"[3] did we find ourselves free to allow the claim for the wife's loss of consortium.[4]

The child's claims here, which do not arise from a marital relationship, cannot be upheld under similar reasoning. Although the common law recognized the right of a child to support and maintenance from his parents by virtue of the family relationship, it recognized no en-

1. 87 U.S.App.D.C. 57, 183 F.2d 811, 23 A.L.R.2d 1366, certiorari denied 1950, 340 U.S. 852, 71 S.Ct. 80, 95 L.Ed. 624; cf. Smither & Co. v. Coles, 100 U.S.App. D.C. 68, 242 F.2d 220, certiorari denied 1957, 354 U.S. 914, 77 S.Ct. 1299, 1 L. Ed.2d 1129.

2. 87 U.S.App.D.C. at page 62, 183 F.2d at page 816.

3. Ibid.; see Bennett v. Bennett, 1889, 116 N.Y. 584, 23 N.E. 17, 6 L.R.A. 553.

4. Cf. D.C.Code § 30–208 (1951).

forceable right to damages for loss of personal care, affection, and companionship either against the parent who failed to give them or against third parties. And, in modern times, the child's claim for damages against third parties, whose negligence injured the parent with resulting deprivation to the child of the parent's society, has never been sustained.[5] Some jurisdictions have, by statute, granted to children the right to recover for the wrongful death of a parent or for the act of furnishing intoxicating liquors to a parent.[6] But apart from statutory measures of this sort, there appears to be no trend in the law at the present time in favor of recognizing new rights in children.[7] In McMillan v. Taylor[8] and Edler v. MacAlpine-Downie,[9] we held that an infant has no claim against a third party for the loss of affection and companionship to the child because of the wilful enticement of its parent.[10] If a claim is not allowed for an intentional tort, it would be strange indeed that it should be allowed for a negligent tort.[11]

At this stage, if a change is to be made in the pattern of liability along the lines appellant urges, the change should be made by the Congress, which could weigh the merits of the proposed change against the other considerations—such as double recovery, increased litigation, and the like—which might be urged against it.

Affirmed.

**5.** See, e. g., Meredith v. Scruggs, 9 Cir., 1957, 244 F.2d 604, reversing D.C.1955, 134 F.Supp. 868; Jeune v. Del E. Webb Const. Co., 1954, 77 Ariz. 226, 269 P.2d 723; Eschenbach v. Benjamin, 1935, 195 Minn. 378, 263 N.W. 154; Halberg v. Young, 1957, 41 Hawaii 634.

**6.** See 6 Okla.L.Rev. 500, 501 (1953).

**7.** 37 Marq.L.Rev. 271, 275 (1953–54); see id. at 273 & n. 27. See also Lewis, Three New Causes of Action: A Study of the Family Relationship, 20 Mo.L.Rev. 107 (1955).

**8.** 1946, 81 U.S.App.D.C. 322, 160 F.2d 221.

**9.** 1950, 86 U.S.App.D.C. 97, 180 F.2d 385.

**10.** This was contrary to the ruling of the Seventh Circuit in Daily v. Parker, 1945, 152 F.2d 174, 162 A.L.R. 819, a case which seems to stand almost alone.

**11.** Cf. Hill v. Sibley Memorial Hospital, D.C.D.C.1952, 108 F.Supp. 739.