BEULAH STOUT, Respondent, v. K. C. TERMINAL RAILWAY COMPANY et al., Appellants.

Kansas City Court of Appeals, March 3, 1913.

1. MARRIED WOMEN: Statute: Domestic Service: Loss. Notwithstanding the married women statute the wife still owes domestic service to the husband and, if injured through the negligence of another, she cannot recover for loss of time relating to her domestic duties, since such loss is the husband's loss.

2. ———: ———: ———: ———: Recovery by Husband. The husband may recover damages for the loss of the domestic service of the wife caused by an injury through the negligence of another, but the wife cannot recover for the loss of service of the husband, for the damages for loss of his earning power belong to him alone.

3. ———: ———: Consortium: Negligence: Comfort and Society. Where the husband is injured through the negligence of another, the wife has no action for the loss of *consortium*, or of his comfort and society.

4. ———: ———: ———: Violation of Personal Rights: Alienating Affections: Slander: Consortium: Negligence. The Married Woman's Statute giving the wife a right of action which "has grown out of a violation of her personal rights," secures to her a right of action for a direct and wilful invasion of her marital rights, such as alienating the affections of her husband—slander of the wife whereby her husband drove her from his home—assault and battery, etc.   But it does not give her a right of action for loss of *consortium* arising from an unintentional and negligent injury.

Appeal from Jackson Circuit Court.—*Hon. O. A. Lucas*, Judge.

172 Mo. App.—8

REVERSED.

*J. E. McFadden* and *O. Q. Claflin, Jr.*, for appellant; *J. H. Stone, Samuel W. Sawyer* and *James M. Souby* for appellant Kansas City Terminal Railway Company.

(1) Plaintiff's amended petition does not state a cause of action. An investigation of the common law fails to reveal a true analogy between the right of the wife to the society of her husband and the right known as *consortium,* which formed the gist of the action at common law by the husband for injuries to his wife. Guy v. Levesey, Cro. Jac. 501; Hyde v. Scyssor, Cro. Car. 538; Marri v. Railroad, 84 Conn. 9, 78 Alt. 582. (2) To allow recovery to the plaintiff in this case would be to violate the established rule of damages applicable in such cases. 111 Blackstone's Comm. 140; 1 Chitty on Pleading (13 Am. Ed.), 73; 1 Bacon's Ab. 502; Reeves Dom. Rel. 138; Pollock on Torts, sec. 196; Tiffany, Pearsons & Dom. Rel. 77; Schouler Dom. Rel. (5 Ed.), sec. 77; 1 Cooley on Torts (3 Ed.), 69, et seq.; 1 Sutherland Damages (3 Ed.), sec. 16; Logan v. Railroad, 96 Mo. App. 461; Brown v. Railroad, 31 Mo. App. 661; Blair v. Railroad, 89 Mo. 334; Spohn v. Railroad, 116 Mo. 617; Rawlings v. Railroad, 97 Mo. App. 511; Marshall v. Mining Co., 119 Mo. App. 270; Furnish v. Railroad, 102 Mo. 669; The Notting Hill, L. R., 9 P. D. 105; Railways Comrs. v. Coultas, L. R.; 13 App. Cas. 222; Winsmore v. Greenbank, Wiles, 577; Baker v. Bolton, 1 Camp. 493; Hyatt v. Adams, 16 Mich. 180; McKinney v. Stage Coach Co., 4 Iowa 420; Jones v. Railroad, 40 Hun. 349; Bolger v. Railroad, 205 Mass. 420, 91 N. E. 389; Cregin v. Railroad, 83 N. Y. 595. (3) In every reported case in which the wife has attempted to assert such a right as that here sought to be asserted, it has been unequivocally denied her. 6 Thompson's Comm. on Law of Neg., sec.

7411; 21 Cyc. 1530; Goldman v. Cohen, 63 N. Y. S. 459; Feneff v. Railroad, 203 Mass. 278, 89 N. E. 436, 24 L. R. A. (N. S.) 1024, 133 Am. St. Rep. 291; Brown v. Kistelman, 98 N. E. (Ind.) 631. (4) The analogy sought to be made between this action and those brought by the wife for the alienation of the husband's affections will not hold. And herein of other analogies. Hickey v. Welch, 91 Mo. App. 4; Cornelius v. Cornelius, 233 Mo. 1; Fron kv. Fronk, 159 Mo. App. 543; Clark v. Hill, 69 Mo. App. 541; Spohn v. Railroad, 116 Mo. 617; Sharp v. National Biscuit Co., 179 Mo. 553; Howard v. Scarritt Estate Co., 161 Mo. App. 552; Behan v. Transit Co., 186 Mo. 430; Morgan v. Ross, 74 Mo. 318; Comer v. Taylor, 82 Mo. 341; Buck v. Ry. & Light Co., 46 Mo. App. 555; Andrew v. Waddell, 54 Mo. App. 611; Frick v. Railroad, 75 Mo. 542; Heisler v. Heisler, 127 N. W. (Iowa) 823; Burch v. Goodson, 116 Pac. (Kan.) 216; Powers v. Sumbler, 110 Pac. (Kan.) 97; Miller v. Miller, 134 N. W. (Iowa) 1058; Flandemeyer v. Cooper, 98 N. E. (Ohio) 102; Corbett v. Railroad, 71 Pac. (Utah) 1065; Washburn v. Abram, 28 Ky. L. R. 985, 90 S. W. 997; Soper v. Igo, 28 Ky. L. R. 519, 89 S. W. 538, 1 L. R. A. (N. S.) 362; Lynch v. Knight, 9 H. L. Cas. 577. (5) The court erred in giving the instruction which it gave at plaintiff's request. Birtwhistle v. Woodward, 95 Mo. 113; Burton v. Railroad, 111 Mo. App. 617; Jackson v. Bowles, 67 Mo. 609; Crews v. Lackland, 67 Mo. 621; Flynn v. Bridge Co., 42 Mo. App. 529; Clark v. Loan Co., 46 Mo. App. 248; Machine Co. v. Bobbst, 56 Mo. App. 427; Bank v. Murdock, 62 Mo. 70. (6) There was a total lack of evidence to support the issue of negligence on the part of the appellant, Kansas City Terminal Railway Company, and as to this appellant, the court erred in submitting the case to the jury. Hunt v. Railroad, 89 Mo. 607, s. c., 14 Mo. App. 160; Martin v. Iron Works, 18 N. W. (Minn.) 109. (7) The court erred in giving the instruction which

it gave at plaintiff's request. Birtwhistle v. Woodward, 95 Mo. 113; Burton v. Railroad, 111 Mo. App. 617; Jackson v. Bowles, 67 Mo. 609; Crews v. Lackland, 67 Mo. 621; Flynn v. Bridge Co., 42 Mo. App. 529; Clark v. Loan Co., 46 Mo. App. 248; Machine Co. v. Bobbst, 56 Mo. App. 427; Bank v. Murdock, 62 Mo. 70; Wells on *res judicata* and *stare decisis*, sec. 595; Thornton v. Thornton, 27 Mo. 302; Venable v. Railroad, 112 Mo. 103, 125; Fears v. Riley, 148 Mo. 49, 63.

*C. W. Prince* and *E. A. Harris* for respondent.

Our instruction did submit the issue of injuries received by plaintiff's husband, to the jury, but the nature and character of the injuries was not gone into. If appellants desired this to be done, they had that privilege and that option. The following cases are authority on this proposition. Barr v. Railroad, 138 Mo. App. 431; Wood v. Kelly, 82 Mo. App. 598; Haymaker v. Adams & Son, 61 Mo. App. 581; Rose v. McCook, 70 Mo. App. 183; Browning v. Railway, 124 Mo. 55.

ELLISON, J.—Plaintiff's action is to recover damages for the loss of the "*consortium,* comfort and society" of her husband through "careless and negligent acts" of defendants. She recovered judgment in the trial court for the sum of three thousand dollars.

The action was instituted against four several defendants. Defendant Montgomery Ward & Company's lessors were constructing a large addition to their mercantile building. Defendants Stone and Gentry were contractors in such construction. A spur track connecting defendant railway company's track ran into these buildings, over which its cars ran conveying material in for the new addition, as well as merchandise into and out of the main building. Plaintiff's husband was in the employ of Gentry as a la-

borer and was standing by a scaffold constructed of large heavy plank so near to the track that some of the upper boards stuck out over the track. In taking out some cars, the lower ones passed under these boards, but a high one, built for carrying furniture, struck them and knocked the scaffold down onto plaintiff's husband, injuring him severely and permanently. Plaintiff dismissed the case as to Berry, and the court directed a verdict for Montgomery Ward & Co., leaving the case standing against Stone and the railway company, and it was against them the judgment was rendered. Stone and the railway company made a satisfactory adjustment and settlement with plaintiff's husband in consideration of which he acknowledged satisfaction for all damages "on account of the injuries received by him and for and on account of all other injuries which may flow from or be connected with injuries received by him."

The injuries plaintiff alleges her husband received were many and were severe and permanent. Of these shown in evidence she relies principally upon the crippled condition of his body, the lasting disturbance of his nervous system, the enfeebling of his mind and the loss of his sexual power.

Thus is put before us a case in which damages are asked by the wife for the loss of the *consortium*, comfort and society of her husband, caused by an injury resulting from the negligence of the defendants who, while confessing the negligence, deny that such an action is sanctioned by the law. The word *"consortium"* covers plaintiff's case, for the additional phrase "comfort and society" added by the pleader, are but parts of that word; that is, they are, in part at least, the meaning of the word. Formerly *consortium* included the service a wife owed to the husband, and at common law an action for the loss of *consortium* had for its principal basis the loss of service, with the loss of society and comfort more in the nature of an

aggravating incident. [Marri v. Railroad, 84 Conn. 9.] The wife did not have such an action for the reason that her existence in a legal sense was swallowed up in that of her husband and her services belonged to him. But since the statutes of different states, keeping step with a better civilization, have in great part emancipated married women from the rigor of the old regime by conferring partial independence upon them as to personal and property rights, the courts of this and other States have inclined to allow her an action, in most instances, where he might have maintained one for a corresponding injury.

We have used the above expression "partial independence" advisedly. For in this State, notwithstanding the statute, as well as in many other jurisdictions, the wife still owes domestic service to the husband, and if she receives personal injury through the negligence of another, she cannot recover for her loss of time relating to her domestic duties (Perrigo v. St. Louis, 185 Mo. 274, 289, 290; Cullar v. Railway Co., 84 Mo. App. 340), such services being his, the damages for the loss of them are recoverable by him. [Womach v. St. Joseph, 201 Mo. l. c. 486, 487; Trusk v. Livingston Co., 210 Mo. l. c. 582; Thompson v. St. Ry. Co., 135 Mo. 217; Blair v. Railway Co., 89 Mo. 334; Plummer v. City of Milan, 70 Mo. App. 598; 2 Sedgwick on Damages, sec. 486.]

So we have guarded our statement that she could maintain an action where he could maintain one for a corresponding injury, by limiting it to actions generally. She has not that right in all instances; for, though he may recover for the loss of her service, she cannot, in this State, recover for the loss of his. The damages resulting from an injury to his earning power are owing to him alone.

If then, there must be some loss of service so as to furnish a support to the allowance of damages for loss of comfort and society, the three elements mak-

ing up the *consortium,* we could sustain an action for *consortium* by the husband and yet refuse the same action to the wife; since, as just stated, she has no legal claim for the loss of services of her husband.

Damages for the loss of *consortium* are recoverable for wrongs which directly tend to entirely deprive the husband or wife of the *consortium* of the other, as for instance if one be enticed, seduced or forced away from the other. But never for impairment of *consortium* resulting from a mere act of negligence in which the injury is the indirect consequence of the act, wholly bereft of intentional wrong; and that, too, where the party through whom the damages are claimed has received (as in the case at bar) or is entitled to receive, full compensation in his own name.

In Marri v. Stamford St. Ry., 84 Conn. 9, 23, 24, and in Feneff v. Railway Co., 203 Mass. 278, it is stated that for negligence the law "has never recognized in the mere impairment of conjugal relations, pure and simple, the foundation of a right of action;" and "has never countenanced any attempt (for that sole purpose) to measure pecuniarly" the lessened pleasure in the companioship of either spouse. The same decision was made by the Supreme Court of Indiana: Brown v. Kistleman, 98 N. E. 631. In the case of Feneff v. Railway Co., the court says an extended examination by counsel and court failed to find a case allowing such damages for negligence, "where the only effect upon the plaintiff's right of *consortium* is that, through the physical or mental disability of the other, the companionship is less satisfactory and valuable than before the injury." The court adds that: "Where there is no intentional wrong, the ordinary rule of damages goes no further in this respect than to allow pecuniary compensation for the impairment or injury directly done. When the injury is to the person of another, the impairment of ability to work and be helpful and render services of any kind is paid

for in full to the person injured. Ordinarily the relation between him and others, whereby they will be detrimentally affected by the impairment of his physical or mental ability, makes the damage to them only remote and consequential, and not a ground of recovery against the wrongdoer.''

That case is so directly applicable to this that we think it serviceable to make use of a further quotation: ''The minor children of an injured father who is legally bound to furnish them with support may suffer indirectly from his injury. So too may his wife, to whom he owes the same legal duty to furnish support; yet it was never held that a wife or minor child could recover for the consequences of a father's disability, against one who had negligently injured him. The diminished value of the husband's *consortium* with his wife, in such a case, is like the diminished value of the work that the husband can do for the support of his wife and the education and support of his minor children. The negligent defendant is supposed to have made full pecuniary compensation to the husband and father for his injury. In the benefit from this payment the wife and children may be expected to share to some extent. If they still suffer loss, it is not direct, but only consequential.''

The entire damage in cases of negligent injury to a husband or father has always been considered as centering in him and his right in the premises has always been thought to be exclusive; and a settlement with him has always been recognized as closing the incident. No case has been found to support a different conception of the rights of the parties. Any other view would lead to absurd results. There may be a loss (in common parlance) of comfort and society to the wife and so there may to the children, yet these are not those direct or natural losses the law has recognized. They are remote consequences. Though the marriage is a civil contract whereby each

party has agreed to render conjugal affection, comfort and social intercourse to the other, yet an act of negligence which injures the husband and·directly affects him—the loss to the wife following as an incidental consequence—is not of such nature as to be laid hold of as having its cause in the negligence which resulted in his injury. If in the many contractual relations in life in which a promissor may be deprived of the power of performance by an injury inflicted by the negligent act of a third party, such third party is liable in damages to the suffering promissee, it would be difficult to fix upon a stopping place in the course of consequential loss. The business success of two partners may come from the manual dexterity or the scientific knowledge of one of them; yet the negligent injury by a third party to such partner, resulting in a temporary or permanent cessation of his efforts, could not be said to afford a ground of action to the other partner for his consquential loss.

But, as the reasoning as to remoteness of claim may not be wholly in harmony with that allowing the husband an action, notwithstanding the married woman's statute, for loss of her services and society, it may be more satisfactory, in order to avoid an inconsistency, to put the ground of denial of the wife's action on the fact that having no legal claim for damages or loss of the husband's services with which to connect a loss of conjugal affection and social comfort, it leaves these non-pecuniary rights standing as her sole cause of action, based on what has been termed the sentimental side or character of rights—rights more in the nature of a solatium, which, standing alone, has never been regarded as capable of pecuniary estimate. [Leahy v. Davis, 121 Mo. 227, 233; Schaub v. Railway Co., 106 Mo. 74; Marshall v. Mining Co., 119 Mo. App. 270; Meekin v. Railway Co., 164 N. Y. 145; Cregin v. Railway Co., 83 N. Y. 595.] In Goldman v. Cohen, 63 N. Y. Supp. 459, the court said the wife's

"interest in the husband's life and companioship . . . lies in a region into which the law does not enter except when necessity compels," as in cases for wilful or malicious misconduct, in aid of a punishment for the offender. Mere mental suffering caused by negligence, disconnected from physical injury, is not actionable. [Trigg v. Railway Co., 74 Mo. 147; Connell v. Telegraph Co., 116 Mo. 34; Spohn v. Railway Co., 116 Mo. 617, 633; Wyman v. Leavitt, 71 Me. 227; Ewing v. Railway Co., 147 Pa. St. 40; Spade v. Railway Co., 168 Mass. 285.] And neither is mental suffering in sympathy for injury to the husband, wife or child, occasioned by negligence of a third party. [1 Sutherland on Damages, sec. 96, pp. 281-283.]

Plaintiff, however, calls attention to the fact that our statute (Sec. 8309, R. S. 1909) not only gives to the wife as her separate property, with right of action therefor, all real estate, personal property or rights in action, but also all right of action which "has grown out of any *violation of her personal rights.*" Now, as has been already stated, while the right to *consortium* of the husband is not such a right in the wife the indirect loss of which through injury to the husband, is a pecuniary loss, yet it is a personal right of the wife and for a direct interference therewith she may undoubtedly have her action. But the vital question is, what *kind* of an action? Not one based on negligence; for negligence can only affect property rights, including injury to the person and the mental and physical pain inseparable therefrom; and entire reparation is made for a negligent injury when such loss is settled with the party directly affected. No rule for the admeasurement of damages in negligence cases (unless controlled by some statute) has ever been formulated to include more than compensation to the injured party for pecuniary loss, including physical injury and its inseparable pain and suffering. The action she has is for a "*violation*" of

her personal rights. That word generally implies an intentional act, as to violate the law, or a rule, or to violate one's oath, or to violate the person. Its synonym suggests active intention, as to injure, debauch, desecrate or outrage. Generally, though not always, the action which the wife has under that part of the statute is for such wrongs as are the result of malice or wilfulness, such as alienating the affections of the husband: Clow v. Chapman, 125 Mo. 101; Nichols v. Nichols, 147 Mo. 387; for threats of violence, whereby the husband was driven insane and the wife deprived of his society, etc.: Clark v. Hill, 69 Mo. App. 541; slander of the wife, whereby the husband drove her from his home; Westlake v. Westlake, 34 Ohio St. 621; slander of the husband, whereby the wife, by refusing to live with him, lost his society: Work v. Campbell, 128 Pac. 943; sale of morphine to the husband, after protest by the wife, whereby her husband became insane and was lost to her: Flandermeyer v. Cooper, 85 Ohio St. 327; to which may be added assault and battery or other wilful trespasses.

It is apparent from the argument in plaintiff's behalf that the cases of Clow v. Chapman, supra, decided by our Supreme Court, and Clark v. Hill, supra, decided by the St. Louis Court of Appeals, are regarded as supporting her claim to a cause of action. What we have written discloses that to be unwarranted. The opinions in those cases, the former by Judge BLACK and the latter by Judge BOND, do not disclose that either would have given countenance to the idea that in a case involving mere negligence, after the husband had recovered for all that his injury included, there was yet in the background another claim, by the wife, so indefinite and immeasurable as possibly to drain the resources of him who was so unfortunate, through himself or his servant, as to have become careless. If this could be, industrial hazard

would be widened beyond reason. If this could be the law, the marvel is that no court has yet suggested it. The judgment should be reversed. All concur.

PER CURIAM.—At about the time the opinion in this case was delivered, the case of Gambino v. The Manufacturers Coal & Coke Co., involving the same question, was decided by the St. Louis Court of Appeals contrary to the views which we announced. Plaintiff's counsel, learning of that decision, filed a motion for rehearing and a motion to transfer this case to the Supreme Court on account of this difference of opinion. The St. Louis Court of Appeals granted a rehearing in the case before it and we have delayed action on plaintiff's motions until the result of that rehearing was announced. Afterwards that court delivered an opinion approving the decision in this case, thus destroying the ground of plaintiff's motions. But in doing so, Presiding Judge REYNOLDS filed a separate opinion agreeing to the opinion of his associates, though insisting that Clark v. Hill, 69 Mo. App. 541, was contrary thereto and stating that it should be overruled. Now while that court, of course, has authority to overrule its own decisions, we have no right to do so; and if we believed our decision contrary to that of that court, we would be compelled to certify to the Supreme Court. We are therefore to consider whether our opinion is contrary to Clark v. Hill, and notwithstanding the views expressed by Judge REYNOLDS, we see no ground for changing our decision that Clark v. Hill and the case before us are founded upon totally different considerations, as explained in our opinion. Motions overruled.