265 P.2d 1076

JEUNE

v.

DEL E. WEBB CONST. CO.

No. 5756.

Supreme Court of Arizona.

Jan. 25, 1954.

Udall & Udall, Tucson, for appellant.

Darnell, Robertson, Holesapple & Spaid, Lawrence V. Robertson, Tucson, Jennings, Strouss, Salmon & Trask, Charles L. Strouss, Clarence J. Duncan, Phoenix, for appellee.

PATTERSON, Superior Court Judge. This is an appeal by plaintiff-appellant from a directed verdict and judgment entered against him in the superior court of Pima County denying him any relief on his claim for personal injuries. On June 20, 1952, Del E. Webb Construction Company was constructing a warehouse in Tucson, Arizona, to be used in connection with the erection of a housing project in the same vicinity. That afternoon a strong whirlwind caused the warehouse to collapse while appellant, a carpenter-employee of appellee, was working thereon causing him to suffer serious injuries.

After the injury appellant executed the usual injury and compensation claims for compensation and medical benefits which were filed with the Arizona Industrial Commission. Several weeks after the execution and filing of the claims, appellant interviewed his attorneys. Thereafter he brought this action upon the ground that he was entitled to bring a common-law negligence action for the injuries sustained for the reason that appellee had failed to post, in conspicuous places, the workmen's compensation notices required by section 56–944, A.C.A.1939. Such an action is proper if appellee failed to post the notices hereinafter referred to in the statute. Corral v. Ocean Accident & Guarantee Corporation, 42 Ariz. 213, 23 P.2d 934.

Section 56–944, supra, provides in substance that employers who comply with

the provisions of "section 1422 (§ 56–932)" shall not be liable to respond in damages at common law or by statute, provided they post at least one notice in a conspicuous place on the premises in all languages spoken by their employees and available for inspection by them notifying said employees that in the event they do not specifically reject the provisions of the compulsory compensation law prior to any injury sustained by them they will be deemed to have elected to accept the provisions of such law and to accept compensation under the terms thereof. And that said employees have the right to reject the same by written notice prior to such injury.

In the event the employer fails to keep posted such notice in the manner prescribed, no employee who shall thereafter engage in employment for such employer during the time such notices shall not be posted shall be deemed to have accepted the provisions of the workmen's compensation law and in such event it is optional for such employee, if injured, to either accept compensation under the act or maintain an action against the employer based upon common-law negligence.

Appellant's principal assignment of error is as follows:

"The trial court erred in directing a verdict and denying plaintiff's motion for new trial, both of which orders were necessarily predicated solely on

the court's determination that plaintiff had adduced no evidence from which reasonable men could conclude either:

"1. That during plaintiff's employment prior to his injury the workmen's compensation posters required by section 56–944, A.C.A.1939, were not posted at any place on defendant's premises; *or*

"2. That if posted the said posters were not in conspicuous places for the reason that the plaintiff had adduced competent and legally sufficient evidence from which reasonable men could properly conclude that the said posters were not posted at all, or in any event were not posted in conspicuous places as required by said statute."

The important issue to determine in this appeal is whether appellant submitted any competent evidence that entitled him to go to the jury upon the ground that defendant-appellee failed to post a notice as required by the statute. This in substance covers the principal assignment of error and proposition of law designated by appellant except as to admissibility of certain evidence which will be considered later.

In considering a motion for a directed verdict the trial court must be guided by accepted principles of law enunciated by this court in many cases to the effect that if plaintiff's evidence and all reasonable

inferences therefrom considered, as it must be, in the strongest light against the defendant, were sufficient to support a verdict the motion was properly overruled.

"* * * It is only where the evidence is insufficient to support a verdict, or where it is so weak that upon a motion for a new trial after verdict the court would feel constrained to set it aside, that the court is justified in directing a verdict. * * *" Arizona Binghampton Copper Co. v. Dickson, 22 Ariz. 163, 195 P. 538, 540, 44 A.L.R. 881.

The record reveals that appellant's evidence to the effect that "the notices were not posted" consisted of negative evidence. His positive evidence conclusively proved that the notices were posted in conspicuous places.

█ Positive and negative evidence and the value thereof have been considered by this court and other courts in numerous instances. The law is well settled in this state that negative testimony without sufficient predicate cannot prevail as against direct, competent, positive testimony. It is, of course, the general rule, supported by authorities from almost every jurisdiction including this state, that the positive testimony of unprejudiced, disinterested and unimpeached witnesses must prevail over purely negative testimony of witnesses of the same character. Southern Pac. Co. v. Fisher, 35 Ariz. 87, 274 P. 779; Canion v. Southern Pac. Co., 52 Ariz. 245, 80 P.2d 397; Cope v. Southern Pac. Co., 66 Ariz. 197, 185 P.2d 772; Illinois Bankers' Life Ass'n v. Theodore, 44 Ariz. 160, 34 P.2d 423; Ratley v. Industrial Commission, 74 Ariz. 347, 248 P.2d 997.

In the case of Cope v. Southern Pac. Co., supra [66 Ariz. 197, 185 P.2d 775], involving an automobile collision with a Southern Pacific train in which the driver of the car "admitted that he was unaware that he was in the vicinity of the crossing; that he wasn't listening for a train whistle or bell; that he did not see the locomotive or its headlight as it approached or went over the crossing; and that he did not know whether or not the whistle was blown or the bell was rung" we said that:

"* * * Had he been in a position to hear the whistle or bell had they been sounded, his testimony would fall into the classification of 'negative testimony.' There must be a predicate before negative testimony is relevant or competent. (Citing cases.) But where, as here, he wasn't listening for any whistle or bell and was in no position to hear them if sounded, his testimony had no probative value—no more than if he had testified 'I didn't hear any whistle; I was in Phoenix'—(19 miles away)."

Let us examine the testimony in the instant case to see if a predicate is laid so as to give the negative testimony herein any probative value. Appellant's witnesses testified regarding the posting of notices in substance as follows:

*Ernest Jeune*, appellant, testified he had seen posters before on jobs he had worked on. He saw no posters in the room where White hired him. He saw none in the hall or reception room. He did not see any such posters down around the houses and saw none on the job the entire time he had worked there.

*Sigman*, another employee testifying for appellant, said he was hired June 1, 1952. When asked if he had seen any poster he said: "No, I didn't see it."

*Richey*, another employee testifying for appellant, said he went to work for Webb in May, that he put two signs in a little tool house up in field, one on each door; one in Mr. Guinn's office, that when he was hired Guinn had one alongside his desk up on the wall. He put signs up the latter part of May before the accident. He had seen these signs on different occasions before and after the accident.

*Moeller* testified that he did not see any of the notices after the accident.

*McDonald* testified that he did not see any posters, "not to my knowledge."

*Rappeport* testified that Stevens "said to me 'They are up there now.'"

*Guinn* testified "There was one hanging on the studding in the office building under construction." He further testified that after the building was completed he put up more of these signs; that he put them in the southeast room, designated timekeeper's room; that later he put one on the door of the timekeeper's shack; also one in his office on the wall; put it there approximately the first week in June. He was then asked:

"Q. Were there any other places on the premises where signs were erected, of this type, these posters, during and up to the 20th of June?

A. Oh, yes, there was other places; not in the office building, but in the various other locations on the job.

"Q. Will you tell us where? A. I can only say of two specifically that I know positively; there was one on the work bench of the warehouse and there was one on the door of the timekeeper's shack in the field where the men checked in and out every night and morning.

\*    \*    \*    \*    \*    \*

"Q. How do you know they were there? A. \* \* \* I go into it every time I am in the field and as the

door is opened, it is plain in front of you.

\* \* \* \* \* \*

"Q. Were they in conspicuous places? A. Yes, sir."

Guinn further testified in substance that at all times he went in the timekeeper's shack up until the day of the accident on June 20, the signs were there.

These were appellant's witnesses upon whom he relied to prove his case.

The testimony of these witnesses may be placed in two categories—Ernest Jeune, appellant; Glen Sigman, John R. Moeller, and Donald McDonald, presented negative testimony as to the notices being posted; that is in substance, they did not see them. There is no testimony of any existing fact furnishing a predicate for the relevancy or competency of the negative statements made by the witnesses as required under the rule laid down in Cope v. Southern Pac. Co., supra. Appellant's other witnesses, Grady H. Richey and Ernest J. Guinn, gave positive testimony that the notices were posted in conspicuous places prior to the accident and had been seen on numerous occasions. The testimony of Richey and Guinn being adverse to appellant, he must rely upon the testimony of himself, Sigman, Moeller, and McDonald. As stated above, viewing the testimony in a light most favorable to appellant, it is in substance, "they did not see the notices." Appellant did not present one witness who directly and positively stated that the notices were not posted, but on the contrary he presented positive, direct evidence to the effect that the notices were posted as required by the statute.

We are cognizant of the rule that adverse statements by a party's own witness on a material issue will not defeat his claim for relief if he has proved his case by other competent evidence. But in this case the testimony of the witnesses other than Richey and Guinn was purely negative and without sufficient predicate. Not one witness stated that in any instance he had any occasion to be looking or did look to see if a notice was posted nor any fact to give his negative testimony an adequate foundation upon which to base an inference that such a notice was not conspicuously posted.

The appellant was familiar with the requirement of posting these notices and had seen them on other jobs. His experience in working on different jobs and seeing such notices was certainly sufficient to stimulate his attention on this job to enable him to state directly and positively whether the notices were posted. It would be a very hazardous precedent for a party to be able to prevail in actions on the character of negative evidence such as appears in this case. There are occasions where negative evidence based upon a proper predicate should be permitted to go to the jury but such are based upon detailed circumstances of attention, etc., furnishing

sufficient facts from which reasonable inferences could be fairly drawn by a jury in favor of a plaintiff. Appellant having failed to prove that the notices were not posted or to introduce competent evidence from which a proper inference could be drawn that such notices were not posted, he is not entitled to maintain a common-law action of negligence in this case.

■ Appellant assigns as error the trial court's ruling in permitting the witness Guinn to testify that certain places were "conspicuous places" for the reason that it constitutes a conclusion of the witness. Also that it was error for the court to refuse to permit appellant's answer to stand that "if a sign had been there, I would have seen it." It is contended that Guinn's statement that the notices were in conspicuous places was Guinn's conclusion or opinion that they were posted in "conspicuous places" and therefore not a statement of fact. There would probably be some merit to this contention if the witness Guinn had not gone further and testified where such notices were located, and that the employees of necessity came face to face with them each day. There are numerous instances not requiring special education or skill in which laymen may give their opinion. We think this is an instance where the court ruled properly. Section 366, Jones on Evidence, states:

"'* * * But without reference to any recognized rule or principle, all concede the admissibility of opinions of nonprofessional men upon a great variety of unscientific questions arising every day and in every judicial inquiry. These are questions of identity, handwriting, quantity, value, * * * form, size, age, strength, heat, cold, * * * anger, fear, * * * intoxication * * * and other conditions and things, * * * too numerous to mention' * * *. *Opinions of witnesses derived from observation are admissible in evidence when, from the nature of the subject under investigation, no better evidence can be obtained. * * ** "

■ Appellant next complains that the court erroneously struck his answer in which he stated that "if the signs had been there, I would have seen them." The answer was stricken because it was not responsive to the question. We think the court ruled properly on this matter.

■ Appellant contends that he was entitled to have his case go to the jury because of a claimed admission made by the job superintendent Stevens to appellant's investigator six weeks after the accident. Appellant's witness, Jack Rappeport, testified that in a conversation with Stevens, he, Rappeport, was asked the result of the previous investigation and told Stevens he hadn't seen any signs up, to which Stevens replied "They are up now". We do not believe that this statement constitutes an admission that the notices were not posted prior to and at the time of plaintiff's injury.

It appears to us to be a statement only of an existing fact. Such statement, if made by Stevens, not being an admission was hearsay and inadmissible. The other assignments of error have been covered or are without merit. The motion to dismiss discussed in the briefs has heretofore been denied and will not be reconsidered.

Judgment affirmed.

PHELPS, C. J., and STANFORD, LA PRADE, and WINDES, JJ., concurring.

NOTE: Justice LEVI S. UDALL having disqualified himself, the Honorable W. E. PATTERSON, Judge of the Superior Court of Yavapai County, was called to sit in his stead.