269 P.2d 723

**JEUNE et al.**

v.

**DEL E. WEBB CONST. CO.**

No. 5806.

Supreme Court of Arizona.

April 26, 1954.

Udall & Udall, Tucson, for appellants.

Jennings Strouss, Salmon & Trask, Charles L. Strouss, Clarence J. Duncan, Phoenix, for appellee.

WINDES, Justice.

One Ernst Jeune sustained personal injuries while employed by Del E. Webb Construction Co., appellee herein, and brought an action against the company for damages claimed to have resulted from its negligence. The right to maintain the common law action was based upon the claim that the defendant therein failed to post the statutory notices concerning the right to reject the Workman's Compensation law. This action resulted in a directed verdict for the defendant and we affirmed. Jeune v. Del E. Webb Construction Co., 76 Ariz. 418, 265 P.2d 1076. Shortly after the trial court's decision in the foregoing case, the wife of the plaintiff therein, Olivia Jeune, and their minor daughter, Marilyn, by her mother as next friend, brought an action against the appellee based upon the same alleged negligence set forth in the case of Jeune v. Del E. Webb Const. Co., supra. The wife claimed her damages to be the loss of consort, affection, companionship, society, assistance and services. The daughter claimed damage because of loss of support, education, parental comfort, etc. Upon motion of appellee, summary judgment was rendered in favor of appellee and against the wife and daughter and they appeal. The parties will be referred to as the plaintiffs and defendant.

There is one assignment of error presenting to us the novel claim that the wife and minor child each have a separate cause of action for damages resulting from the negligent injury of the husband and father sustained while in the course of his employment. There is one case cited by plaintiffs which sustains plaintiff-wife's position that she has a cause of action separate from that of the husband. Hitaffer v. Argonne Co., 87 U.S.App.D.C. 57, 183 F.2d 811, 812, 23 A.L.R.2d 1366. The opinion therein makes the following statement:

"* * * we are not unaware of the unanimity of authority elsewhere denying the wife recovery under these circumstances."

The common law is and always has been that the wife has no such cause of action. 3 Restatement of the Law, Torts, section 695; 27 Am.Jur., Husband and Wife, section 514; Annotation 23 A.L.R.2d 1378.

Great reliance is placed on the decision of this court in Pratt v. Daly, 55 Ariz. 535, 104 P.2d 147, 130 A.L.R. 341. This case does not sanction the rule contended for by the plaintiffs. Therein, the wife sued defendant for knowingly furnishing liquor to her husband, an habitual drunkard. The majority held such a cause of action existed under the common law for the reason that such facts placed the

228

wrong in the same category as knowingly furnishing the husband with a habit-forming drug. There always existed in favor of a wife an action for damages resulting from furnishing the husband a habit-forming drug with knowledge that it would be used in such a way as to cause harm. 3 Restatement of the Law, Torts, section 697; Annotation 23 A.L.R.2d 1378. We merely held that wrongfully furnishing liquor to a chronic alcoholic was legally the same as wrongfully furnishing the drug addict his drugs. It does not and was never intended to upset all the law in the nation and say that under the common law the wife has an action separate from that of her husband for the ordinary negligent act of a third person resulting in personal injuries to the husband. The common law is correctly announced in the authorities heretofore referred to and we have no right to remake the common law as was attempted in Hitaffer v. Argonne Co., supra.

Concerning the right of a minor child to separately sue for its damages resulting from personal injuries to the father, the plaintiffs refer us to no case that has ever authorized such an action. There is much theorizing that such should be the law but nothing to show us it ever has been the law. We are cited to a Federal decision, Daily v. Parker, 7 Cir., 152 F.2d 174, 162 A.L.R. 819, wherein children were allowed to sue a third person for enticing their father away, alienating his affections and thereby depriving the children of their father's support, care and maintenance. There is a sharp division of authority even on this question, Annotation 12 A.L.R.2d 1181, but certainly this class of cases is no authority for allowing the child to bring a damages action against one who as a result of ordinary negligence, caused personal injury to the father. We are not aware of any jurisdiction that has ever authorized such an action and believe there are none. The reason probably is that never before was it attempted. The cause of action for personal injury to the father rests with him for all the resulting damage. It never has been the law that multiple actions could be brought by each member of the family for a negligent injury sustained by the father. It is unnecessary to discuss other reasons urged by appellee as a basis for sustaining the action of the trial court.

The judgment is affirmed.

PHELPS, C. J., and STANFORD and LA PRADE, JJ., and STRUCKMEYER, Jr., Superior Court Judge, concur.

UDALL, J., having declared himself disqualified, the Hon. FRED C. STRUCKMEYER, Jr., Judge of the Superior Court of Maricopa County, was called to sit in his stead.