MILLER v. KRETSCHMER.

1. ACTION—ALIENATION OF AFFECTIONS—MINOR AGAINST ALIENATOR.
   Statutory provision abolishing causes of action for the "alienation
   of the affections of any person, animal, or thing capable of
   feeling affection whatsoever" is construed as abolishing an
   action by children against a person who has induced one of
   their parents to leave the family home (CLS 1961, § 600.2901).

2. APPEAL AND ERROR—INAPPOSITE REASONS BY TRIAL JUDGE.
   Decision of trial judge is affirmed, where he had arrived at the
   correct conclusion even for reasons not apposite.

Appeal from Macomb; Carroll (Howard R.), J.
Submitted November 3, 1964. (Calendar No. 45,
Docket No. 50,333.) Decided January 5, 1965.

Complaint by Anna Marie Miller and Margaret
Jean Miller, minors, by Hellen Miller, next friend,
against Katherine Kretschmer for alienation of their
father's affection. Action dismissed on motion.
Plaintiffs appeal. Affirmed.

*Starkey & Gentz (William A. Gentz,* of counsel),
for plaintiffs.

*Johnston & Wendt (Robert L. Coburn,* of counsel),
for defendant.

PER CURIAM. The question purportedly presented
in this case is:

REFERENCES FOR POINTS IN HEADNOTES
[1] 27 Am Jur, Husband and Wife § 519.
[2] 5 Am Jur 2d, Appeal and Error §§ 727, 785.

"Should Michigan adopt the view that minor children have a common-law right of action for damages against a person who wrongfully induces one of their parents to desert them and leave the family home?"

The trial judge, on motion to dismiss, held that there has been no statutory abolition of such a cause of action in this State. He based his conclusion upon the reasoning of United States District Judge Raymond W. Starr in the case of *Russick* v. *Hicks* (WD Mich), 85 F Supp 281. In that case Judge Starr held that such an action is not barred by PA 1935, No 127, as amended (CL 1948, § 551.301 *et seq.* [Stat Ann 1957 Rev § 25.191 *et seq.*]), concluding that that statute was intended only to abolish the traditional alienation-of-affections action by a spouse for loss of consortium, conjugal society, and assistance of the other spouse.

The trial judge then decided that, while such an action had not been abolished by the cited statute, no such action did exist at the common law. He concluded that the creation of such a cause of action was a matter to be addressed to the State's policy-forming department—the legislature. Motion to dismiss was granted.

Section 1 of PA 1935, No 127 (CL 1948, § 551.301 [Stat Ann 1957 Rev § 25.191]), reads as follows:

"All civil causes of action for alienation of affections, criminal conversation, and seduction of any person of the age of 18 years or more, and all causes of action for breach of contract to marry are hereby abolished."

At the time the present action was brought, PA 1961, No 236 (CLS 1961, § 600.101 *et seq.* [Stat Ann 1962 Rev § 27A.101 *et seq.*]), commonly known as the revised judicature act of 1961, was in effect. Section 2901 (chapter 29) of that act (CLS 1961,

§ 600.2901 [Stat Ann 1962 Rev § 27A.2901]) provides in part as follows:

"The following causes of action are abolished:

"(1) alienation of the affections of any person, animal, or thing capable of feeling affection, *whatsoever.*" (Emphasis supplied.)

Of particular pertinence is the comment of the joint committee on Michigan procedural revision, which comment was before the legislature at the time the section was adopted. It reads as follows:

"Re-enactment of these provisions of CL 1948, § 551.301 (Stat Ann 1957 Rev § 25.191) will have the advantage of putting to rest the unfortunate holding of *Russick* v. *Hicks* (1949), 85 F Supp 281, in which the court said that the statute didn't mean what it said."

The re-enactment of the above section, as modified by the legislature, has unquestionably spelled out a legislative decision to abolish all actions for alienation of affections, including those of minor children against a person who has induced one of their parents to leave the family home.

Since the trial judge arrived at the correct conclusion, even if for reasons not apposite, his decision is affirmed. Costs to appellee.

KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SOURIS, SMITH, O'HARA, and ADAMS, JJ., concurred.