Erica Marie BRADFORD, etc., Appellant,

v.

UNION ELECTRIC COMPANY,
Respondent.

No. 41481.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 30, 1979.

Elmer C. Oberhellmann, St. Louis, for appellant.

William H. Ferrell, James Virtel, St. Louis, for respondent.

REINHARD, Presiding Judge.

Plaintiff appeals from the dismissal of her petition for failure to state a cause of action.

Plaintiff, a nine year old girl by her next friend, filed a petition for damages against defendant for loss of her mother's services, society, companionship and affection. In her petition, plaintiff alleged her mother suffered severe brain damage when an automobile driven by the mother collided with a utility pole on January 21, 1976. Plaintiff further alleged that defendant was negligent in several respects.

Defendant filed a motion to dismiss plaintiff's petition for failure to state a cause of action. It contended therein, that a child does not have a common law cause of action for loss of services and society as a result of injuries sustained by a parent and that no statute has been enacted by the legislature creating such a cause of action. This motion was sustained by the court.

On appeal, plaintiff argues that the trial court erred in not recognizing a cause of action in a minor plaintiff for damages for loss of consortium as a consequence of injury to the parent. We find no Missouri decisions wherein the issue has been directly presented. However, the Western District of this court in *Stout v. Kansas City Terminal Ry. Co.*, 172 Mo.App. 113, 157 S.W. 1019 (1913)[1] recognized that the wife could not maintain an action for loss of consortium resulting from the negligent injury of her husband by a third party nor could a child maintain an action for such negligent injury to his parent. *Stout* is cited by courts in other jurisdictions and by articles and treatises for the proposition that Missouri does not recognize a cause of action in the minor child. *See, e. g., Borer v. American Airlines, Inc.*, 19 Cal.3d 441, 138 Cal.Rptr. 302, 563 P.2d 858 (1977); *Duhan v. Milanowski*, 75 Misc.2d 1078, 348 N.Y.S.2d 696 (Sup.Ct.1973); Annot., 69 A.L. R.2d 528 (1976).

1. *Stout* is discussed in *Novak v. Kansas City Transit, Inc.*, 365 S.W.2d 539 (Mo.1963).

We have examined the cases and find no state court of last resort that supports plaintiff's position. The following courts have refused to recognize a cause of action in the minor child: *Early v. United States*, 474 F.2d 756 (9th Cir. 1973) (Alaska Law); *Pleasant v. Washington Sand & Gravel Co.*, 262 F.2d 471 (D.C.Cir.1958); *Turner v. Atlantic Coast Line Ry. Co.*, 159 F.Supp. 590 (N.D.Ga.1958) (South Carolina Law); *Jeune v. Del E. Webb Construction Co.*, 77 Ariz. 226, 269 P.2d 723 (1954); *Borer v. American Airlines, Inc.*, 19 Cal.3d 441, 138 Cal.Rptr. 302, 563 P.2d 858 (1977); *Clark v. Suncoast Hospital, Inc.*, 338 So.2d 1117 (Fla.Ct.App. 1976); *Halberg v. Young*, 41 Hawaii 634 (1957); *Hankins v. Derby*, 211 N.W.2d 581 (Iowa 1973); *Hoffman v. Dautel*, 189 Kan. 165, 368 P.2d 57 (1962); *Sabatier v. Travelers Ins. Co.*, 184 So.2d 594 (La.App.1966); *Feneff v. New York C. & H. RR. Co.*, 203 Mass. 278, 89 N.E. 436 (1909); *Eschenbach v. Benjamin*, 195 Minn. 378, 263 N.W. 154 (1935); *General Electric Co. v. Bush*, 88 Nev. 360, 498 P.2d 366 (1972); *Russell v. Salem Transportation Co.*, 61 N.J. 502, 295 A.2d 862 (1972); *Duhan v. Milanowski*, 75 Misc.2d 1078, 348 N.Y.S.2d 696 (Sup.Ct. 1973); *Gibson v. Johnston*, 144 N.E.2d 310 (Ohio App.1956); *Erhardt v. Havens, Inc.*, 53 Wash.2d 103, 330 P.2d 1010 (1958).

These decisions are grounded on various rationales. Nine of the reasons are listed in a University of Michigan law review article:

> (1) The absence of any enforceable claim on the child's part to the parent's services, (2) the absence of precedent, (3) the uncertainty and remoteness of the damages involved, (4) the possible overlap with the parent's recovery, (5) the multiplication of litigation, (6) the possibility of settlements made with parents being upset, (7) the danger of fabricated actions, (8) the increase of insurance costs, and (9) the public policy expressed in some jurisdictions in the enactment of "heart balm" statutes.

54 Mich.L.R. 1023, 1024–25 (1956).

The sole exception to the otherwise unanimous rejection by the courts is the Michigan Court of Appeals decision, *Berger v. Weber*, 82 Mich.App. 199, 267 N.W.2d 124 (1978). This case is currently under consideration by the Michigan Supreme Court. In *Berger*, the court attempted to answer many of the nine contentions listed above. However, the *Berger* court limited the recovery to cases where the parent is "severely" injured.

■ At common law, no action existed which allowed a child to recover for injuries sustained by his parents. E.g., *Pleasant v. Washington Sand & Gravel Co.*, 262 F.2d 471, 472–73 (D.C.Cir.1958); *Duhan v. Milanowski*, 75 Misc. 1078, 348 N.Y.S.2d 696 (Sup.Ct.1973). The husband, however, could recover at common law for the loss of the services, society and companionship of his wife. The early Missouri cases recognized no such corresponding right in the wife. This disability of the wife which precluded her from maintaining a parallel action for the loss of her husband's consortium was removed by our Supreme Court's holding in *Novak v. Kansas City Transit, Inc.*, 365 S.W.2d 539, 540 (Mo.1963). The *Novak* decision relied in large part on the enactment of the Married Women's Act. In the case at bar, no such legislative enactment compels this court to recognize the existence of a cause of action for loss of parental consortium.

■ We are not ignoring that a child realizes a real and significant loss when a parent is injured by a third party and that courts and legislatures have in recent years recognized and expanded rights of children. Yet, while courts can properly alter the common law in particular circumstances, they should practice judicial restraint and avoid effecting a change when there is not substantial agreement that change is necessary. Here, the decision of whether or not to create a cause of action in the minor child involves substantial public policy issues; issues which we believe are better weighed initially by the legislature.

Plaintiff's petition having no precedential support or statutory basis, was properly dis-

missed by the trial court for failure to state a cause of action.

Judgment affirmed.

GUNN and CRIST, JJ., concur.