DAVID TODD RUDNICK, a Minor, by Richard Rudnick, his Father and Next Friend, Plaintiff-Appellant, *v.* JOSEPH VOKATY, Defendant-Appellee.

First District (5th Division)   No. 79-984

Opinion filed May 23, 1980.

Lois Solomon and Arthur M. Solomon, both of Solomon & Behrendt, of Chicago, for appellant.

No appearance for appellee.

Mr. JUSTICE LORENZ delivered the opinion of the court:

This appeal involves an action for alienation of affections brought by the plaintiff David Todd Rudnick, by his father and next friend Richard Rudnick, against the defendant Joseph Vokaty. Defendant moved to dismiss the complaint for failure to state a cause of action at common law and for failure to comply with the Illinois alienation of affections act (Ill. Rev. Stat. 1977, ch. 40, par. 1901 *et seq.*). The trial court dismissed plaintiff's complaint with prejudice and without leave to amend. On appeal, we face the following issues: (1) whether plaintiff's action falls within the purview of the Illinois alienation of affections act (hereinafter the Act); (2) whether plaintiff's complaint states a cause of action under common law and, if applicable, under the Act; and (3) if plaintiff's complaint is insufficient, whether the trial court erred in dismissing it with prejudice and without leave to amend.

According to plaintiff's complaint, plaintiff, a minor, is the adopted son of Richard and Lilian Rudnick. Plaintiff and his parents lived together as a family from the time of his birth until September 15, 1978. Prior to July 1, 1978, plaintiff enjoyed the society, love, affection and loyalty of his mother Lilian Rudnick. Beginning approximately May 1, 1975, defendant engaged in conduct to entice and induce plaintiff's mother to leave plaintiff and his father. As a result of defendant's actions, plaintiff's mother left the family on July 1, 1978, withdrawing her society, love, affection and loyalty from the plaintiff. Thus, defendant deprived plaintiff of the security of family life and paternal care, and caused plaintiff to suffer humiliation, vexation and indignity.

Defendant moved to dismiss plaintiff's complaint for failure to state a cause of action on the following grounds: (1) failure to allege an overt act of defendant to entice plaintiff's mother from plaintiff; (2) failure to allege that defendant had wilful or wrongful intent to alienate the affection of plaintiff's mother; (3) failure to allege sufficient facts to establish that defendant's actions were a direct and proximate cause of plaintiff's damages; and (4) failure to allege that plaintiff sustained actual damages recoverable under the Act. Without stating its reasons, the trial court granted defendant's motion to dismiss with prejudice.

In reviewing the trial court's ruling, we must initially decide whether plaintiff's action for alienation of affections is covered by the Act. An action by a child for alienation of the affections of one of the child's parents was first recognized in Illinois in *Johnson v. Luhman* (1947), 330 Ill. App. 598, 71 N.E.2d 810. The *Johnson* court reasoned that the policy justifications for allowing a spouse to bring an alienation of affections suit (see *Heck v. Schupp* (1946), 394 Ill. 296, 68 N.E.2d 464), also justify allowing a child to bring such an action. (*Johnson*, 330 Ill. App. 598, 603-04, 71 N.E.2d 810, 812-13.) According to these cases, each member of the family has a legally enforcible right to protect the family relationship. The law protects this right, both for the parents and the children alike, by the alienation of affection action.

Four months after the *Johnson* decision, the Illinois legislature, presumably aware of the *Johnson* decision, enacted the alienation of affections act. (Ill. Rev. Stat. 1977, ch 40, par. 1901 *et seq.*) Our legislature stated that actions for alienation of affections have been subject to grave abuses and have been the instrument of blackmail. (Ill. Rev. Stat. 1977, ch. 40, par. 1901.) To remedy these problems, the legislature limited recovery in these actions to actual damages (Ill. Rev. Stat. 1977, ch. 40, par. 1902), prohibited recovery of punitive, exemplary, vindictive or aggravated damages (Ill. Rev. Stat. 1977, ch. 40, par. 1903), and left the punishment of those guilty of alienation of affections to the criminal laws

of our State (Ill. Rev. Stat. 1977, ch. 40, par. 1901). The legislature further provided that the Act shall be liberally construed to achieve the public policy objectives stated therein. Ill. Rev. Stat. 1977, ch. 40, par. 1907.

██ Given this background, we conclude that plaintiff's action falls squarely within the boundaries of the Act. First, the Act expressly applies to "*all* actions for alienation of affections begun after the effective date of this act (Jan. 1, 1948) * * *." (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 40, par. 1905.) The Act draws no distinction between actions for alienation of affections brought by a spouse from those brought by a child. In fact, the Act employs the comprehensive language of "*all* actions for alienation of affections" or "*any* actions for alienation of affections" on several occasions. (Emphasis added.) (Ill. Rev. Stat. 1977, ch. 40, pars. 1902, 1903, 1904, 1905.) Thus, no legislative intent to exclude plaintiff's action from the coverage of the Act can be discerned from the Act's language. Second, the Act was drafted subsequent to the announcement of the *Johnson* decision. Thus, we must presume that the legislature was aware that a child could bring an action for alienation of affections when it enacted this Act. Since the legislature was aware of the *Johnson* decision and did not expressly exclude a child's cause of action from the Act, we will not do what the legislature itself has failed to do. Third, the clear public policy of the Act and the legislature's mandate that the Act be liberally construed to achieve its public policy objectives warrant our conclusion that the plaintiff's cause of action falls within the boundaries of the Act. The potential for abuses inherent in this action remain the same whether plaintiff is the estranged spouse or the child.

Plaintiff's reliance on the language of section 4 is misplaced. Section 4 states, in effect, that plaintiff or "plaintiff's spouse" cannot recover for defamation or injury to their good name or character. (Ill. Rev. Stat. 1977, ch. 40, par. 1904.) The use of the phrase "plaintiff's spouse" merely includes the spouse, if any, of the plaintiff in the prohibition against recovery for damage to character or good name. This phrase does not limit the application of the Act. Plaintiff's reliance on the case of *Russick v. Hicks* (W.D. Mich. 1949), 85 F. Supp. 281, is also misplaced. In that case, a Federal district court held that a child's action for alienation of affections did not fall within the Michigan heart-balm statute which prohibited all actions for alienations of affections. Prior to the adoption of the Michigan heart-balm statute, only a spouse could maintain an action for alienation of affections in Michigan. Thus, according to the *Russick* court, the Michigan legislature did not intend to abolish an action which it did not know existed. Conversely, in the present case, a child could maintain an action for alienation of affections at the time the Act was drafted, and the Illinois legislature was aware of that. Consequently, the presence of the words "all actions for alienation of affections" manifests

the legislature's intent to include a child's action for alienation of affections as well as a spouse's inside the Act.

■■■ In the present case, plaintiff's complaint was attacked on several grounds for failure to state a cause of action. Since the trial court failed to specify the ground upon which it dismissed plaintiff's complaint, each ground raised by the defendant's motion to dismiss is before us for review. (*Mid-Town Petroleum, Inc. v. Dine* (1979), 72 Ill. App. 3d 296, 390 N.E.2d 428.) To maintain an action for alienation of affections and also comply with the provisions of the Act, plaintiff must allege and prove (a) love and affection of the alienated spouse for the plaintiff, (b) overt acts, conduct or enticement on the part of the defendant causing those affections to depart, and (c) actual damages. (*Wheeler v. Fox* (1974), 16 Ill. App. 3d 1089, 307 N.E.2d 633; *Farrier v. Farrier* (1964), 46 Ill. App. 2d 471, 197 N.E.2d 163.) Moreover, plaintiff must prove that defendant wilfully or wrongfully alienated the affections of plaintiff's mother which proximately caused plaintiff's actual damages. *Wheeler; Farrier.*

After reviewing plaintiff's complaint, we agree with the defendant that plaintiff has failed to allege overt acts or conduct of the defendant to entice plaintiff's mother away from plaintiff and that defendant wilfully or wrongfully intended to alienate the affections of plaintiff's mother. Also, plaintiff's allegation of proximate cause are mere conclusions of law, and will not support his complaint. Finally, plaintiff's claim to damages for "humiliation, vexation and indignity" are clearly prohibited by the Act. (Ill. Rev. Stat. 1977, ch. 40, par. 1904.) Thus, the trial court properly granted defendant's motion to dismiss.

■■■ The final question is whether the trial court erred in dismissing plaintiff's complaint with prejudice and without leave to amend. In deciding whether to dismiss a complaint with prejudice, the trial courts may look to the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 1 *et seq.*) for guidance. Section 33(3) of the Civil Practice Act states that "[p]leadings shall be liberally construed with a view to doing substantial justice between the parties." (Ill. Rev. Stat. 1977, ch. 110, par. 33(3).) Section 42(2) states that "[n]o pleading is bad in substance which contains such information as reasonably informs the opposite party of the nature of the claim or defense which he is called upon to meet." (Ill. Rev. Stat. 1977, ch. 110, par. 42(2).) Plaintiff's burden of pleading a valid cause of action, however, is not relieved by these sections. (*Stap v. Chicago Aces Tennis Team, Inc.* (1978), 63 Ill. App. 3d 23, 379 N.E.2d 1298.) A complaint should not be dismissed for failure to state a cause of action unless it clearly appears that no set of facts could be proved under the pleadings which would entitle plaintiff to relief. (*Stap; Browder v. Hanley Dawson Cadillac Co.* (1978), 62 Ill. App. 3d 623, 379 N.E.2d 1206.) In the instant case, we believe the trial court's decision to dismiss plaintiff's

complaint with prejudice was premature. Plaintiff should be given the opportunity to amend his complaint in an attempt to state a valid cause of action for alienation of affections. See *Krasauski v. Birbalas* (1964), 46 Ill. App. 2d 226, 197 N.E.2d 140.

Defendant has moved in this court for attorney fees and costs against plaintiff pursuant to section 41 of the Civil Practice Act (Ill. Rev. Stat. 1977, ch. 110, par. 41). Since we have concluded that a valid cause of action exists for the alienation of a mother's affections for her child, this suit and appeal was not brought without reasonable cause or in bad faith. Defendant's motion for attorney fees and costs is denied.

Accordingly, the judgment of the circuit court dismissing plaintiff's complaint with prejudice and without leave to amend is reversed and this matter is remanded for proceedings consistent with the content of this opinion.

Reversed and remanded.

SULLIVAN, P. J., and MEJDA, J., concur.