**Matthew Sterling HALE, a minor, by his next friend, Mary Mae R. Hale, Appellants,**

**v.**

**Kathy BUCKNER, Respondent.**

**No. 43111.**

Missouri Court of Appeals, Eastern District, Division Three.

April 7, 1981.

V. John Kessler, St. Louis, for appellants.

David V. Collignon, Clayton, for respondent.

REINHARD, Judge.

Plaintiff appeals from the dismissal of his petition for failure to state a cause of action.

Plaintiff, a four-year-old boy, by his next friend, filed a petition asking for general and punitive damages against defendant, alleging that she had "willfully, wickedly and maliciously gained the affections of [plaintiff's father] and induced him to have carnal intercourse with her, and sought to persuade him and entice him by offers of money and otherwise to leave plaintiff without support." The trial court sustained defendant's motion to dismiss plaintiff's petition for failure to state a cause of action, finding that such a claim was not recognized by Missouri law.

On appeal, we are presented with the question of whether or not a minor child can maintain an action against a third party for wrongfully disrupting the family circle and intentionally alienating the affections of the minor's parent. No such cause of action existed at common law and none has been established by statute in Missouri. Although this issue has never been presented to a Missouri appellate court, it has been considered by the courts of numerous other states.

The great majority of jurisdictions considering the matter have held that a minor child does not have a cause of action for the alienation of affections of his parent. *See Elder v. MacAlpine-Downie*, 180 F.2d 385 (D.C.Cir.1950); *Mode v. Barnett*, 235 Ark. 641, 361 S.W.2d 525 (Ark.1962); *Rudley v. Tobias*, 84 Cal.App.2d 454, 190 P.2d 984 (1948); *Taylor v. Keefe*, 134 Conn. 156, 56 A.2d 768 (1947); *Hunt v. Chang*, 594 P.2d 118 (Haw.1979); *Whitcomb v. Huffington*, 180 Kan. 340, 304 P.2d 465 (1956); *Nelson v. Richwagen*, 326 Mass. 485, 95 N.E.2d 545 (1950); *Miller v. Kretschmer*, 374 Mich. 459, 132 N.W.2d 141 (1965); *Kleinow v. Ameika*, 19 N.J.Super. 165, 88 A.2d 31 (1952); *Katz v. Katz*, 197 Misc. 412, 95 N.Y.S.2d 863 (1950); *Roth v. Parsons*, 16 N.C.App. 646, 192 S.E.2d 659 (1973); *Kane v Quigley*, 1 Ohio 2d 1, 203 N.E.2d 338 (1964); *Nash v. Baker*, 522 P.2d 1335 (Okl.App.1974); *Garza v. Garza*, 209 S.W.2d 1012 (Tex.Civ.App. 1948); *Wallace v. Wallace*, 155 W.Va. 569, 184 S.E.2d 327 (1971); *Scholberg v. Itnyre*, 264 Wis. 211, 58 N.W.2d 698 (1953). We find only a few cases which hold contrary to the majority, and allow such a cause of action. *See Daily v. Parker*, 152 F.2d 174 (7th Cir. 1945); *Russick v. Hicks*, 85 F.Supp.

281 (W.D.Mich.1949) [1]: *Rudnick v. Vokaty,* 84 Ill.App.3d 1003, 40 Ill.Dec. 404, 406 N.E.2d 105 (1980); *Johnson v. Luhman,* 330 Ill.App. 598, 71 N.E.2d 810 (1947); *Miller v. Monsen,* 228 Minn. 400, 37 N.W.2d 543 (1949). An excellent discussion of the various arguments on either side of the issue is presented in *Hunt v. Chang,* 594 P.2d 118, 125–27 (Haw.1979).

We believe that our reasoning in *Bradford v. Union Elec. Co.,* 598 S.W.2d 149 (Mo.App.1979), is applicable here. In *Bradford,* we affirmed the trial court's dismissal, for failure to state a cause of action, of a minor's petition seeking damages for loss of parental consortium against a third party who negligently caused physical injury to the parent. As we stated there:

> We are not ignoring that a child realizes a real and significant loss when a parent is injured by a third party and that courts and legislatures have in recent years recognized and expanded rights of children. Yet, while courts can properly alter the common law in particular circumstances, they should practice judicial restraint and avoid effecting a change when there is no substantial agreement that change is necessary. Here, the decision of whether or not to create a cause of action in a minor child involves substantial public policy issues; issues which we believe are better weighed initially by the legislature.

*Id.* at 150.

Finding no case law or statutory support in Missouri, the court properly dismissed plaintiff's petition.

Judgment affirmed.

CRIST, P. J., and SNYDER, J., concur.

---

1. The continued validity of *Russick* is highly doubtful. *See Miller v. Kretschmer,* 374 Mich.

459, 132 N.W.2d 141 (1965).